Jerry A. **PERDUE**, Plaintiff,

v.

**NORTHERN CAN SYSTEMS, INC.**, Defendant.

No. 5:94 CV 2344.

United States District Court, N.D. Ohio, Eastern Division.

Jan. 24, 1996.

---

Louis, MO, Kevin Young, Martindale & Brzytwa, Cleveland, OH, for Northern Technologies, Inc.

Eric H. Zagrans, Zagrans Law Firm, Elyria, OH, pro se.

### ORDER

SAM H. BELL, District Judge.

Presently before the court is Defendant Northern Can Systems, Inc.'s (Northern Can) motion for summary judgment. (Docket # 19.) Plaintiff Jerry A. Perdue's underlying claim alleges that he was discharged and discriminated against "on the grounds of a handicap in violation of Ohio Revised Code Section 4112.99." (Docket # 1 (attachment).) Plaintiff has filed his opposition to Defendant's motion, as well as a supporting affidavit, (docket #s 22, 23), to which Defendant has replied. (Docket # 24.) Defendant's motion is now ripe for consideration.

### Background

Plaintiff Perdue was hired as a janitor by Defendant Northern Can in November of 1988. He performed his regular duties until May 5, 1991, when Mr. Perdue suffered a back injury while working. Thereafter, on May 15, Mr. Perdue took a medical leave of absence which lasted until July 28, 1991. He returned to work on July 29, albeit with light duty restrictions. Finally, on September 3, 1991, Mr. Perdue's physician opined that on the following day, he could return to his full janitorial duties with no restrictions, and Mr. Perdue did so. For the following year Mr. Perdue performed his full duties at Northern Can's facility, however, on September 2, 1992, he again requested and received a medical leave of absence due to back problems.

In January of 1993, Mr. Perdue returned to work on a "return to work contract" provided by the Ohio Bureau of Workers' Compensation. (See Defendant's motion for summary judgment, (docket # 19), ex. G.) Under the contract, Mr. Perdue was to work four hours per day for four weeks in return for his full wage, and the Rehabilitation Division agreed to reimburse Northern Can for the difference between Mr. Perdue's actual time worked and the normal forty hour work

Gerald P. Leb, Canton, OH, for Jerry A. Perdue.

James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St.

week. At the end of the first four weeks, Mr. Perdue was to increase his working day to six hours, again in return for a full week's wage, and the Rehabilitation Division would again make up the difference to Northern Can.

Mr. Perdue alleges that during the first four weeks he was back on the job, his supervisor mistreated him by following him around with a note pad, and by leaving a washer on the floor to test Plaintiff's thoroughness. Plaintiff's supervisor allegedly provided him with positive verbal assurances, while at the same time "writing him up" for not doing his job.

On or about February 16, 1993, Mr. Perdue's supervisor left him a note requesting that he scrub the floor in a lab room. He attempted to do so and apparently suffered another injury to his back while operating the floor scrubber. He consequently reported the injury and, once again, had to leave work. Mr. Perdue never returned to work for Northern Can. In a March 15, 1993 letter, Mr. Anthony Bogovich, Defendant's Personnel Director, informed Mr. Perdue that he was terminated from employment:

> Based upon medical opinion, you do not possess the ability to return to work to perform your regular duties and, since you have been unable to work your normal job on a full-time basis since September, 1, 1992, and there are no reasonable accommodations available, we are terminating your employment effective March 1, 1993, consistent with our policy which grants a maximum leave of absence of six (6) months for a non-occupational or occupational disability.

(Docket # 19, ex. F.) The parties agree that Mr. Perdue is currently totally disabled. (Dockets # 22 at 3, # 19 at 13, & exs. J, P at 63.)

Plaintiff Perdue now claims that his physical and psychological disabilities were caused by his employer and by his attempt to return to work full-time, and that said disabilities "were aggravated by his discharge from employment." (Docket # 22, at 3.) While Plaintiff's complaint seems to allege that his discrimination claim arises from his discharge, (*see* docket # 1, attachment), his response to

Defendant's motion for summary judgment alleges that Defendant failed to reasonably accommodate Plaintiff's disability while Mr. Perdue was still working for Northern Can. (Docket # 22, at 5.) It now appears to be Plaintiff's belief that Northern Can drove him to his final, career-ending injury by failing to reasonably accommodate his disability.

In its motion for summary judgment, Northern Can understandably approached Plaintiff's claim as if it is one for discriminatory discharge. (*See* docket # 19.) Indeed, Plaintiff's filings with this court are sufficiently vague so as to readily allow such an interpretation and this court will accordingly address Plaintiff's claim as such. However, a very liberal reading of Plaintiff's complaint does allow for another interpretation, namely, that Northern Can failed to reasonably accommodate Mr. Perdue's disability while he was on the job. In its reply to Plaintiff's motion in opposition to Defendant's motion for summary judgment, Northern Can addresses Mr. Perdue's arguments regarding accommodation, and this court will, therefore, also consider that aspect of Mr. Perdue's claim.

### Standard of Review

The Court of Appeals for the Sixth Circuit has summarized the standard of review governing motions for summary judgment under Federal Rule of Civil Procedure 56 as follows:

> Summary judgment is appropriate where "there is no genuine issue of material fact ... and the moving party is entitled to judgment as a matter of law".... [The] court must view all facts and inferences drawn therefrom in the light most favorable to the non-moving party.

> The moving party has the burden of conclusively showing that no genuine issue of material fact exists. Nevertheless, in the face of a summary judgment motion, the nonmoving party cannot rest on its pleadings but must come forward with some probative evidence to support its claim.

> "By its very terms, this standard provides that the existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." The dispute must be genuine and the facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. If the disputed evidence "is merely colorable or is not significantly probative, summary judgment may be granted."

*LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir.1993) (citations omitted). With this standard in mind, the court shall analyze the Defendant's present motion.

### Law and Analysis

■ "An aggrieved party may, pursuant to [Ohio] Revised Code § 4112.99, institute an independent civil action to seek redress for discrimination on the basis of physical disability." *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991); *see also Pozzobon v. Parts for Plastics, Inc.*, 770 F.Supp. 376, 378 (N.D.Ohio, E.D.1991) (Bell, J.). To establish his claim of handicap discrimination, Mr. Perdue must first establish a prima facie case, which includes: showing that he was handicapped; showing that the action was taken by the employer, at least in part, because Mr. Perdue was handicapped; and showing that he can safely and substantially perform the essential functions of the job despite his handicap. *Hazlett v. Martin Chevrolet, Inc.*, 25 Ohio St.3d 279, 281, 496 N.E.2d 478 (1986); *Kent State Univ. v. Ohio Civil Rights Comm.*, 64 Ohio App.3d 427, 435, 581 N.E.2d 1135 (1989), *rehearing denied*, 53 Ohio St.3d 718, 560 N.E.2d 779 (1990) (table no. 90–349); *Rodgers v. Federal*

*Express Corp.*, 996 F.2d 1216 (6th Cir.1993) (table, text in Westlaw, No. 92–3747).

■ In the instant case, the parties both agree that Mr. Perdue is handicapped, and Defendant Northern Can readily admits that Mr. Perdue was discharged because his back problems caused him to miss work for the maximum time allowed under the disability leave policy. (*See* docket # 19.) What the parties dispute is whether Mr. Perdue could safely and substantially perform the essential functions of his job. It is undisputed that Mr. Perdue is currently totally disabled, (dockets # 22 at 3, & # 19 at 13, & exs. J, P at 63), and while Plaintiff's motion correctly argues that current disability does not prove disability at the time of discharge, Plaintiff has offered absolutely no evidence to satisfy his burden to prove that he could perform his job despite his handicap.[1] Plaintiff has thus failed to establish a prima facie case of discriminatory discharge.

■ Nevertheless, Plaintiff seems to argue that his present disability is not the issue and he asks the court to shift its attention to the Defendant's discriminatory treatment of Mr. Perdue before he was discharged. (Docket # 22, at 6–7.) While this claim was not clearly alleged in Plaintiff's complaint, he now alleges that Northern Can's failure to provide reasonable accommodation is a form of discrimination protected by § 2112.99. Specifically, Plaintiff asserts that Defendant harassed Mr. Perdue during the months of January and February 1993, and once improperly asked him to use "a heavy duty floor scrubber." *Id.* at 7. These alleged occurrences constitute what Plaintiff's coun-

---

1. Plaintiff's argument that a certification of disabled status by the Social Security Administration does not prove total disability, misses the point. It is *Plaintiff's* burden to present some evidence which supports his contention that he is able to perform his duties, not Defendant's.

Furthermore, Plaintiff wrongly accuses Defendant of failing to file Plaintiff's own deposition with the court in violation of FRCP 56(c). The operative rule in this instance is FRCP 5(d) which instructs that a court may order that depositions "not be filed unless on order of the court." Local Rule 2:4.1 further instructs that the filing of depositions "shall be governed by the Case Management Plan." The Case Manage-

ment plan in this case, (docket # 5), specifically instructs the parties that "Portions of any record utilized for the purpose of supporting or opposing any motions (*e.g., depositional record*) shall be excerpted and submitted in that form. Parties shall submit only that portion immediately relevant to the issue in question and not more than two (2) pages in addition to establish context. *Full* depositions, statements, etc. are not to be submitted with motions. No other discovery [is] to be filed by the parties." If Plaintiff believed there to be other relevant information in his deposition, he should have provided the court with that evidence.

sel describes as "a malicious attempt to get rid of him." *Id.*

However, the only evidence offered by Plaintiff to support his allegation of a prima facie case of discrimination is his affidavit in which he describes: an unpleasant meeting with some supervisors in 1991; evaluations and "testing" by his superior, Ray Everett; and finally, Mr. Perdue states that, "On February 16, 1993 Ray Everett left a note for me that I was supposed to use the scrubber to do the floor in the lab. He wasn't around, so I started to use the scrubber on the floor. I was about halfway through when the pain got so bad I stopped. I had a foreman key me out. I went home. I never worked there again." (Docket # 23.)

■ It is true that an employer has "an obligation to make a reasonable accommodation to the handicap of an employee." *Kent State Univ. v. Ohio Civ. Rights Comm.*, 64 Ohio App.3d 427, 581 N.E.2d 1135 (1989). In the instant case, Defendant Northern Can has allowed Plaintiff to go on medical leave a number of times for his back problems. Indeed, just before Plaintiff's last and final injury he was involved with a program run by the Bureau of Workers' Compensation of Ohio which allowed him to gradually return to work over an eight week period. While Mr. Perdue was asked, via note, to scrub a floor during this time period, there is no evidence in the record which establishes that such a request is outside of his "light duty" program, or that Defendant asked him to scrub floors as part of a malicious concerted effort "to get rid of him." The evidence does not even suggest that Mr. Perdue objected to the assignment. In short, the Defendant has provided ample evidence that it made reasonable accommodations for Mr. Perdue since his first injury in 1991, and Plaintiff has presented the court with but his own affidavit, which evidence "is merely colorable, [and] not significantly probative" of a failure to accommodate. *See LaPointe*, 8 F.3d at 378.

In sum, Plaintiff has not established a prima facie case of disability-based discriminatory discharge in violation of Ohio Revised Code § 2112.99, and insofar as his complaint can be read to allege discriminatory failure to accommodate, Plaintiff has again failed to meet his burden. Defendant's motion for summary judgment, (docket # 19), is, therefore, GRANTED.

IT IS SO ORDERED.