SOUTHGATE DEVELOPMENT CORP., APPELLEE, *v.* COLUMBIA
GAS TRANSMISSION CORP., APPELLANT.

(No. 76-299—Decided December 15, 1976.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach, Mr. Michael J. Canter, Messrs. Horan, Ashenbach, Tattersall & Gallagher* and *Mr. J. C. William Tattersall,* for appellee.

*Miraldi & Barrett Co., L. P. A., Mr. Ray L. Miraldi, Mr. Thomas E. Morgan, Mr. H. L. Snyder* and *Mr. Larry L. Roller,* for appellant.

PAUL W. BROWN, J. On its face, Civ. R. 12(B)(1) would appear to require that a motion to dismiss a complaint for reason of lack of jurisdiction of the court over the subject matter should be determined from the face of the complaint. Such a conclusion would be buttressed by observing that when a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleadings, Civ. R. 12(B)(6) specifically authorizes that the motion may be treated as a motion for summary judgment and disposed of as provided in Civ. R. 56.

Federal practice relevant to Ohio Civ. R. 12(B)(1), however, clearly recognizes the obligation of a trial court to determine at the earliest time whether it has jurisdiction, and authorizes a court to consider outside matter attached to a motion to dismiss for lack of jurisdiction without converting it into a motion for summary judgment if such material is pertinent to that inquiry. *Alabama, ex rel. Baxley,* v. *Woody* (1973), 473 F. 2d 10.

We conclude that materials which are pertinent to the claim that the court did not have subject-matter jurisdiction may properly be received by the trial court. On the basis of the materials so adduced, we conclude that the provisions of R. C. 4905.04 are not destructive of the trial court's jurisdiction here. That statute gives the Public Utilities Commission exclusive jurisdiction to require all intrastate public utilities to furnish their products and render all services exacted by the commission or by law. Admittedly, appellant, an interstate gas line, is not subject to

regulation by the Public Utilities Commission, and the duty sought to be enforced was not one exacted by the commission or by law so as to be within the contemplation of that statute, but was claimed to have arisen contractually. See *Public Utilities Commission of Ohio* v. *United Fuel Gas Co.* (1943), 317 U. S. 456, 467.

With regard to appellant's alternate argument that under existing regulations, it must obtain authority to use its interstate transmission pipeline for the purpose of making a direct retail sale from its regulatory agency, the Federal Power Commission, the fact that this assertion may be entirely true is not destructive of the trial court's subject-matter jurisdiction. Neither the Federal Power Commission nor the Public Utilities Commission has jurisdiction to construe or enforce an easement contract. The subject matter of this action arises in contract and the determination of questions of construction or validity, together with the declaration of rights, status or other legal relations under such contracts, by Common Pleas Courts is specifically authorized by R. C. 2721.03.

The trial court received material from the appellant in various forms, not relevant to subject-matter jurisdiction, but bearing upon the extent of the relief which might be granted. Where under these circumstances a trial court grants a motion to dismiss an action on grounds that the court lacks subject-matter jurisdiction, and issues an *ex parte* protective order limiting the opportunity of the adverse party to introduce material reasonably pertinent to the question of the availability of part of the relief sought, it is inappropriate for it to consider a Civ. R. 12(B)(6) motion that the complaint fails to state a claim upon which relief can be granted.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN and W. BROWN, JJ., concur.

STERN and CELEBREZZE, JJ., dissent.

STERN, J., dissenting. I dissent for the reason that the appellee has failed to state a justiciable cause of action in its complaint. Under R. C. 4905.04 and 4905.26, the Public Utilities Commission has jurisdiction to order gas utility service to a prospective customer. Columbia Gas of Ohio, as the successor to the gas distribution business, is required to furnish gas utility service under the easement contract, even though appellant, Columbia Transmission, owns and operates the pipeline which supplies the gas. It is only the February 18, 1976, order of the Public Utilities Commission in *In re Application of Columbia Gas of Ohio, Inc., to Clarify Policies Relating to Gas Restrictions* (case No. 75-584 GA-AGC) which prevents the granting of service, and denies appellee a superior position to other prospective users of gas utility service.

The Federal Power Commission under Section 7 of the Natural Gas Act, Section 717f, Title 15, U. S. Code also has jurisdiction to order appellant to furnish gas to appellee.

The administrative restrictions upon the furnishing of gas service to the appellee are a result of the present energy crisis.

I fully recognize the rights afforded appellee under the right-of-way easement to obtain gas utility service. However, this requirement must be subordinated to the authority vested by the Congress of the United States and the General Assembly of Ohio in public regulatory agencies to direct the curtailment of gas utility services for new customers in the interest of conservation of fuel.

I would reverse the judgment of the Court of Appeals and reinstate the judgment of the Court of Common Pleas.

CELEBREZZE, J., concurs in the foregoing dissenting opinion.