**Orlando J. POZZOBON, Plaintiff,**

v.

**PARTS FOR PLASTICS, INC., Defendant.**

No. 91–CV–403.

United States District Court, N.D. Ohio, E.D.

July 9, 1991.

Gary W. Spring, Roetzel & Andress, Akron, Ohio, for plaintiff.

Paul A. Monahan, Duvin, Cahn & Barnard, Cleveland, Ohio, for defendant.

## ORDER

SAM H. BELL, District Judge.

Currently pending before the court in the above-captioned matter is a motion to dismiss the third and fourth counts of plaintiff Orlando J. Pozzobon's complaint under Fed.R.Civ.P. 12(b)(6) filed by defendant Parts for Plastic, Inc. The underlying complaint, filed on March 5, 1991, alleges age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Counts One and Two), and Ohio Revised Code § 4112.02(A) (Count Three); wrongful discharge in violation of Ohio public policy (Count Four); and intentional infliction of emotional distress (Count Five). The claim of age discrimination under Ohio law is brought pursuant to O.R.C. §§ 4112.02(N) and 4112.99. Plaintiff seeks a declaration that the policies and practices of defendant are in violation of the ADEA, a permanent injunction, and $500,000 in compensatory and punitive damages.

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is constrained to accept as true the allegations of a complaint. *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983), *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062, 1065 (6th Cir.1984). The motion to dismiss under 12(b)(6) should be denied unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Nishiyama v. Dickson Cty.,* 814 F.2d 277, 279 (6th Cir.1987) (*en banc* ).

The court's analysis begins with a consideration of plaintiff's third count, the allegation of age discrimination under Ohio law. Plaintiff claims a violation of O.R.C. § 4112.02(A), which provides as follows:

It shall be unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Plaintiff's asserted basis for a private cause of action under this section is twofold, O.R.C. §§ 4112.02(N) and 4112.99. The former section provides as follows:

(N) An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any legal or equitable relief that will effectuate his rights. A person who files a civil action under this division is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

Section 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Prior to 1987, § 4112.99 only provided for criminal sanctions. In 1987, an amendment was enacted which resulted in the section in its present form.

Defendant argues that O.R.C. § 4112.08 expressly bars plaintiff's claim of age discrimination under Ohio law in this case. This section provides as follows:

> The provisions of section 4112.01 to 4112.08 of the Revised Code, shall be construed liberally for the accomplishment of the purposes thereof and any law inconsistent with any provision hereof shall not apply. Nothing contained in section 4112.01 to 4112.08 and 4112.99 of the Revised Code, shall be deemed to repeal any of the provisions of any law of this state relating to discrimination because of race, color, religion, sex, national origin, age, or ancestry; *except that any person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 or division (N) of section 4112.02 of the Revised Code.*

O.R.C. § 4112.08 (emphasis added). Section 4112.05 provides for the filing of a grievance with the Ohio Civil Rights Commission in order to redress alleged unlawful discriminatory practices. § 4112.05(B). The complaint herein states that plaintiff has filed such a grievance, and plaintiff does not controvert this in his brief in opposition to the motion to dismiss. Consequently, according to defendant, plaintiff is precluded from bringing this suit due to the explicit and unambiguous language of § 4112.08.

In response, plaintiff argues that the Code expressly allows the bringing of the instant cause, citing to § 4112.99. According to plaintiff's logic, while the language of § 4112.08 may bar an aggrieved party from bringing a private action under § 4112.02(N) if that person has already filed a claim with the Civil Rights Commission under § 4112.05, it does not also bar one from bringing such an action under § 4112.99, which is not mentioned in § 4112.08. Having filed the instant cause under § 4112.99 as well as § 4112.02(N), plaintiff contends that § 4112.08 thus cannot be utilized to bar his claim.

In support of the proposition that the language of § 4112.99 allows the filing of a private action in the instant cause, plaintiff cites to three cases: *Elek v. Huntington National Bank*, 50 FEP Cases 1396, 1989 WL 98437 (Ohio App. Franklin Cty.1989); *Everman v. Mary Kay Cosmetics*, 51 FEP Cases 1594, 1990 WL 11540 (S.D.Ohio 1990); and *Grant v. Monsanto Co.*, 51 FEP Cases 1593, 1989 WL 222961 (S.D.Ohio 1989). *Elek* and *Grant* stand for the proposition that § 4112.99 provides for a private right of action for any violation of Chapter 4112, notwithstanding the fact that other parts of the chapter create overlapping private causes of action for specific types of discrimination. The *Grant* court specifically held that § 4112.99 creates an entirely new, separate private cause of action, and that an aggrieved person may bring an age discrimination in employment suit under either § 4112.99 or § 4112.02(N). On June 12, 1991, the Ohio Supreme Court affirmed the court of appeals decision in *Elek*. See *Elek v. Huntington National Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991). The case involved a handicap discrimination claim brought as a private civil action pursuant to § 4112.99. In rejecting the defendant's argument that § 4112.99 does not create a new, independent private right of action, the Supreme Court found, *inter alia*, that the language of this section is unambiguous and that the legislative history supports such an interpretation. *Id.*, 60 Ohio St.3d at 137, 573 N.E.2d 1056. Due to this recent Supreme Court holding, we are constrained to hold that an age discrimination claimant may utilize either § 4112.02(N), § 4112.99, or both in pursuing an action for age discrimination.

The Supreme Court in *Elek*, however, did not face the more narrow issue before this court, *viz.*, whether § 4112.99 allows a private right of action for age discrimination where the plaintiff-employee has previously

filed a claim with the Civil Rights Commission under § 4112.05. This court does not believe that *Elek* could reasonably be read to stand for such a proposition. If the legislature had desired that § 4112.99 would so modify the language of § 4112.08 in cases of age discrimination, we believe that it would have done so in a less ambiguous fashion, either by changing the language of § 4112.08 or by more clearly stating its intent in § 4112.99. In holding as we do, we are guided by the caveat contained in § 4112.08 that "[n]othing contained in sections 4112.01 to 4112.08 *and 4112.99* of the Revised Code shall be deemed to repeal any of the provisions of law of this state relating to discrimination ..." (emphasis added). The court takes this language to mean that the 1987 amendment to § 4112.99 creating an independent private right of action was not intended to and does not alter the final sentence of § 4112.08, nor does it alter the detailed, comprehensive legislative scheme created for age discrimination suits, *see infra.*

The holding of this court, thus, has no bearing upon the efficacy of *Elek*. The court there was not faced with issues regarding the effect of § 4112.99 on § 4112.08 in age discrimination suits. *Elek*, rather, stands for the proposition that both § 4112.99 and § 4112.02(N) create independent private rights of action in age discrimination suits. With this holding we are in complete agreement. The court does not believe, however, that the amendment to § 4112.99 nullifies the effect of § 4112.08 in age discrimination suits. Thus, while an employee is permitted to bring a private action for age discrimination under § 4112.99, he should not be allowed to circumvent Ohio's detailed legislative scheme for bringing age discrimination suits, including the mandate of § 4112.08.

In closing this portion of the opinion, and holding that Count Three of the complaint is barred, the court adopts the following reasoning:

Protection against age discrimination is provided under Ohio law by three statutory sections: (1) O.R.C. § 4101.17(B), which permits a civil action for violation of subsection (A) of that section; (2) O.R.C. § 4112.02(N), which permits a civil action to be brought against those who violate the other subsections of that section; and (3) O.R.C. § 4112.05, which permits a complaint to be brought with the Ohio Civil Rights Commission for violations of §§ 4112.02 and 4112.021. Each of these statutory remedies is exclusive—the choice of one remedy precludes recourse to other remedies. *See* O.R.C. §§ 4101.17(B), 4112.02(N) and 4112.08. This exclusivity of remedies, however, causes a conflict in the context of the joinder of an Ohio age discrimination suit with one brought under the ADEA. The ADEA requires, in states with administrative procedures for resolution of age discrimination claims, that proceedings under those state procedures be brought at least 60 days before the filing of a claim under federal law. *See* 29 U.S.C. § 633. Thus, in order to fulfill the prerequisite to a suit under the federal law in Ohio, a plaintiff must file a complaint with the OCRC pursuant to O.R.C. § 4112.05, and thus, by the terms of that section, waive his or her right to bring a civil action under either O.R.C. § 4101.17(B) or § 4112.02(N).

However, simply because Ohio's age discrimination law has the effect of requiring a litigant to choose between his or her state and federal remedies does not invalidate the law or require the Court to construe the terms of that law inconsistently with its plain meaning.

*Keister v. Delco Products*, 680 F.Supp. 281, 282 (S.D.Ohio 1987). We recognize that this decision, issued prior to the amendment of § 4112.99, did not discuss the effect of that statute. However, we do not deem it reasonable to conclude that the single, broadly worded sentence contained in § 4112.99 could possibly have been intended to eradicate the detailed legislative scheme discussed in *Keister* and still in existence in the Ohio Revised Code.

■ The fourth count of plaintiff's complaint alleges that defendant's actions, *i.e.*, the alleged wrongful discharge, "violate public policy in that all of the above-named

statutes prohibit discipline and/or discharge against plaintiff for unlawful reasons." Complaint at ¶ 22. In its motion to dismiss, defendant contends that Ohio does not recognize a tort cause of action for wrongful discharge in violation of public policy. In response, plaintiff relies upon *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), for the proposition that a tort cause of action for wrongful discharge in violation of public policy is available in Ohio.

In *Greeley*, the court held that public policy warrants an exception to the employment-at-will doctrine where the employee is discharged for a reason which is prohibited by statute. *Id.*, 49 Ohio St.3d at 234, 551 N.E.2d 981. Due to the fact that the statute at issue, O.R.C. § 3113.213(D),[1] did not itself provide plaintiff with a private cause of action, but rather only imposed a fine upon the employer, the court held that a common law tort action for wrongful discharge in violation of public policy was available to plaintiff. *Id.* at 235, 551 N.E.2d 981.

Plaintiff would have this court read *Greeley* as holding that, where an employer is alleged to be in violation of an Ohio statute, the employee may bring a wrongful discharge tort action even where the statute at issue itself provides for a comprehensive private right of action. *Greeley* does not stand for such a proposition. In *Greeley*, the aggrieved plaintiff had no other recourse, due to the fact that the statute only provided that the employer be fined. The Ohio Supreme Court thus deemed it necessary to create an exception to the employment-at-will doctrine and allow employees a tort wrongful discharge action for violations of § 3113.213(D).

In the case at bar, an exception to the at-will doctrine already exists in the statutes themselves. Victims of age discrimination are entitled to bring civil actions under §§ 4101.17(B), 4112.02(N), 4112.05, or

4112.99, regardless of whether the employer-employee relationship is deemed as one "at-will." There is certainly no reason here to carve out another exception to the employment-at-will doctrine, as was the case in *Greeley*, and permit a tort action.[2]

For the foregoing reasons, the court finds that the third and fourth counts of plaintiff's complaint fail to state claims for which relief can be granted. As such, defendant's motion to dismiss these portions of the complaint is hereby granted pursuant to Fed.R.Civ.P. 12(b)(6).

IT IS SO ORDERED.

---

1. This statute prohibits employers from discharging or disciplining an employee to whom a wage garnishment order applies.

2. In so holding, the court is in agreement with the reasoning of Judge Aldrich in *Emser v. Curtis Industries, Inc.*, Case No. 1:90–CV–1062 (N.D.Ohio March 28, 1991), a case factually similar to the one at bar.