This is an appeal from the Pickaway County Court of Common Pleas.
Appellant Parks was an inmate at Orient Correctional Institution when he brought this action against Lazaroff, the warden, and against other members of the staff. He claimed that he was in danger from some of the other inmates because he had assisted the prosecution in their cases. His claim was based on42 U.S.C. § 1983 and alleged that the staff at Orient was indifferent to concerns about his safety.
In response to Parks' complaint, appellees filed a motion to dismiss on the grounds that Parks had not exhausted his administrative remedies. The trial court granted the motion to dismiss on that ground, finding that the action had been filed on December 17, 1997, but that the administrative process had not been completed until March 11, 1998 with the filing of the Chief Inspector's report on that date.
From the dismissal, Parks takes this appeal designating one claim of error.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO CIV. R. 12 (B)(1).
The standard of review for a dismissal pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is whether the plaintiff has alleged any cause of action which the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56,62; see, also, Avco Financial Services Loan, Inc. v.Hale (1987), 36 Ohio App.3d 65. This is generally a question of law which we review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia Gas TransmissionCorp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus;McHenry, supra, at 62.
The actual motion to dismiss filed by appellees was captioned a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1). State courts have concurrent jurisdiction to hear 42 U.S.C. § 1983 claims. Whenever such a claim is brought in a state court, the federal substantive law applies, but the state procedural rules are followed. Thus, the motion under federal rules seems inappropriate.
The failure to exhaust administrative remedies ought to be raised by summary judgment and not on a motion to dismiss. This court held in King v. Peoples (Mar. 31, 1998), Ross App. No. 97 CA 2295, as follows,
 "Accordingly, we find that King's failure to plead exhaustion of remedies did not render his complaint subject to dismissal pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. The appropriate procedural device for dismissal of a Section 1983 claim, for failure to exhaust administrative remedies, is a summary judgment pursuant to Civ.R. 56.
 "As stated above, we find that the trial court treated the matter herein as a motion for summary judgment, but erred in failing to notify the parties that the court was going to do so. We note that Civ.R. 61, the "harmless error" rule, directs us to disregard 'any error or defect in the proceedings which does not affect the substantial rights of the parties.' Because we find that King's complaint was subject to dismissal under Civ.R. 56 for failure to exhaust administrative remedies and, under the particular facts of this case, that King suffered no prejudice as a result of the trial court's error in failing to notify the parties that it was proceeding under Civ.R. 56, we must disregard the trial court's error and affirm the trial court's dismissal of King's Section 1983 claims."
As in King, we find that any error was harmless especially since there is even less of a question about exhaustion in this case than in King. On March 25, 1998 Parks filed a copy of the March 11, 1998 denial of his grievance in response to appellees' motion to dismiss thus demonstrating in the record that the administrative process had not been completed at the time of the filing of the complaint. We therefore find that the trial court did not err in granting the motion to dismiss based on the failure to complete the grievance procedure and thus exhaust all administrative remedies.
In its decision, the trial court added a comment on the requirements of R.C. 2969.25 and Parks' failure to file an affidavit required by that statute. This issue was not raised in the motion to dismiss which relied solely on the exhaustion issue. Inexplicably, appellees' brief on appeal completely ignores the exhaustion issue and raises the R.C. 2969.25 issue for the first time. Inasmuch as the trial court did not decide this case on R.C. 2969.25 grounds, we decline to consider that issue.
As a final point, this court notes that as stated in the decision denying the grievance Parks remained at Orient for health treatment reasons, that he now appears to be a resident at the Southeastern Correctional Facility in Lancaster, and that his concerns for his safety have been met.
Based on the foregoing, appellant's assignment of error is not well taken and is overruled.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the judgment of the Pickaway County Court of Common Pleas is affirmed. Appellees shall recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J. Concur in Judgment and Opinion
For the Court:
 By: _____________________ Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment in the Fourth District.