VINSON, Appellant,

v.

DIAMOND TRIUMPH AUTO GLASS, Appellee.

[Cite as *Vinson v. Diamond Triumph Auto Glass,
Inc.,* 149 Ohio App.3d 605, 2002-Ohio-5596.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19332.

Decided Oct. 18, 2002.

</div>

James R. Greene III, for appellant.

C. Mark Kingseed and Randall M. Comer, for appellee.

FAIN, Judge.

{¶ 1} Plaintiff-appellant Rebecca L. Vinson appeals from the dismissal of her complaint for age discrimination pursuant to Civ.R. 12. Vinson contends that the trial court erred in finding that she is barred from proceeding with a civil suit in state court. She also contends that the trial court erred in its application of the Ohio Rules of Civil Procedure. We agree with the trial court's conclusion that, by filing a charge with the Ohio Civil Rights Commission, Vinson elected to proceed with an administrative remedy and is therefore precluded from seeking a judicial remedy in state court. We find no error in the trial court's application of the Civil Rules. The judgment of the trial court is affirmed.

## I

{¶ 2} Rebecca Vinson was terminated from her employment with defendant-appellee, Diamond Triumph Auto Glass, Inc. ("Diamond") in October 2000. In early January 2001, she filed a complaint with the Ohio Civil Rights Commission ("OCRC"), claiming that her discharge was the result of age discrimination. As part of the filing made with the OCRC, Vinson signed a statement indicating that she had not filed an action pursuant to R.C. 4101.17 (now 4112.14) or 4112.02. The statement further acknowledged that Vinson understood that by filing the OCRC complaint, she would be barred from instituting a civil action under those statutory provisions.

{¶ 3} The OCRC charge was withdrawn by Vinson in early March 2001. Vinson subsequently filed a complaint in the Montgomery County Common Pleas Court, alleging violations of R.C. 4112.02 and 4112.99. Diamond filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12. In the motion, Diamond argued that Vinson, by electing to pursue an administrative remedy through the OCRC, was statutorily barred from pursuing a civil suit in state court. The trial court agreed and dismissed the complaint. From the dismissal of her complaint, Vinson appeals.

## II

{¶ 4} Vinson's first assignment of error is as follows:

{¶ 5} "The trial court erred in granting defendant-appellee Diamond's motion to dismiss because the charges appellant filed with the OCRC did not provide her with a remedy since the OCRC did not take sufficient administrative action to deprive the trial court of subject matter jurisdiction."

{¶ 6} Vinson contends that the trial court erred when it found that it lacked subject-matter jurisdiction over her cause of action and dismissed her complaint. She argues that filing a claim of age discrimination with the OCRC does not bar a subsequent civil suit filed pursuant to R.C. 4112.99 in state court. She further argues that even if a litigant files an OCRC charge, so long as that charge is not "pursued," a state civil suit is not precluded.

{¶ 7} When a litigant files a Civ.R. 12 motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222. "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss * * *." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d

526, paragraph one of the syllabus.  We apply de novo review to the trial court's decision on a motion to dismiss for lack of subject-matter jurisdiction.  *Crestmont Cleveland Partnership* at 936, 746 N.E.2d 222.

{¶ 8}  In Ohio, a plaintiff may pursue a judicial remedy for age-based employment discrimination under one of three statutory provisions.  R.C. 4112.02(N), 4112.14, and 4112.99 permit civil suits alleging age discrimination to be filed in state court.  Alternatively, R.C. 4112.05 permits an individual to pursue an age discrimination claim administratively, by filing a charge with the OCRC.

{¶ 9}  R.C. 4112.08 provides that R.C. 4112.02(N), 4112.14, and 4112.05 are mutually exclusive, i.e., the pursuit of an administrative remedy under R.C. 4112.05 precludes relief under the other two statutes.  Thus, it is clear that the General Assembly expressly intended to require an election of remedies with regard to R.C. 4112.02(N), 4112.14, and 4112.05.  The more difficult question is whether, as Vinson claims, a civil suit brought pursuant to R.C. 4112.99 may be pursued along with the administrative remedy of R.C. 4112.05.

{¶ 10}  In *Balent v. Natl. Revenue Corp.* (1994), 93 Ohio App.3d 419, 638 N.E.2d 1064, the Tenth District Court of Appeals addressed this issue, and in holding that the exclusion provision of R.C. 4112.08 applies to R.C. 4112.99, stated:

{¶ 11}  "R.C. 4112.99 provides: 'Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.'

{¶ 12}  "The legislature amended this section in 1987 to provide a civil remedy, whereas it had previously provided a criminal penalty.  The very narrow issue before us, then, is whether the civil action established pursuant to R.C. 4112.99 is subject to the election requirement of the other provisions bearing on relief from age discrimination.  We must admit that a compelling case may be made for either position on this issue, and the lack of unanimity among Ohio appellate decisions and federal court decisions on the issue does not provide much guidance by way of precedent.  * * *

{¶ 13}  "Among courts concluding that the specific provision of R.C. 4112.02(N) prevails over the general one in R.C. 4112.99, * * * [t]he case providing the most complete and comprehensive support for this position * * * is that of *Pozzobon v. Parts for Plastics, Inc.* (N.D.Ohio 1991), 770 F.Supp. 376.  The court in *Pozzobon* concluded that the language in R.C. 4112.08 stating that 'nothing contained in sections 4112.01, 4112.08 and 4112.99 of the Revised Code shall be deemed to repeal any of the provisions of the law of this state relating to discrimination * * *' must be understood to prevent the 1987 amendment to R.C. 4112.99 from altering the scheme of election of remedies set forth in the various statutory provisions addressing age discrimination.  The court did not 'deem it

reasonable to conclude that the single, broadly worded sentence contained in [R.C.] 4112.99 could possibly have been intended to eradicate the detailed legislative scheme * * * in existence in the Ohio Revised Code.' *Pozzobon,* supra, at 379. * * *

{¶ 14} "We find the position of the court in *Pozzobon* * * * persuasive. We reach this conclusion primarily because of our belief that the carefully constructed requirements of election of remedy set forth, in some detail, in R.C. 4101.17 [now 4112.14] and 4112.02(N), and reiterated in R.C. 4112.08, can only be taken to express the legislature's unambiguous intention to require an election of a single administrative or statutory remedy when bringing a claim for age discrimination. If R.C. 4112.99 fails to explicitly perpetuate the scheme set up by prior statutes addressing age discrimination, it is equally lacking in explicit intent to repeal the previously established statutory scheme. Just as we need not have inquired, prior to 1987, into the legislature's motives in allowing a civil action for age, credit, and housing discrimination, while providing none for the multiple other forms of discrimination which afflict our society, we need not today inquire into the wisdom of preserving a requirement of election in age discrimination cases where none exists elsewhere. Nonetheless, the specific and detailed articulation of available remedies and interaction between applicable statutes addressing age discrimination claims must be taken to prevail over the broad terms of R.C. 4112.99. The latter is perhaps the later-enacted statute, but it is not the most apposite one, and must be read in this light." Id. at 421–424, 638 N.E.2d 1064.

{¶ 15} The holding in *Balent* has been echoed in federal case law. Specifically, in *Talbott v. Anthem Blue Cross & Blue Shield* (S.D.Ohio 2001), 147 F.Supp.2d 860, 863, the court stated that "causes of action for age discrimination, brought under O.R.C. § 4112.99 and based on violations of Chapter 4112, are subject to the election of remedies provisions contained in the other more specific sections of Chapter 4112 that establish causes of action for age discrimination."

{¶ 16} While not addressing this exact question, the Ohio Supreme Court has also shed light on this issue in *Smith v. Friendship Village of Dublin, Ohio* (2001), 92 Ohio St.3d 503, 751 N.E.2d 1010, wherein the Ohio Supreme Court stated:

{¶ 17} "In determining the General Assembly's intent, the starting point in the construction of a legislative enactment is the text of the statute itself. * * * [T]here are statutory provisions requiring an election for age discrimination claims.

{¶ 18} "R.C. 4112.02(N) provides that '[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age * * * by instituting a civil action.' An individual may also file an age discrimination charge with the commission pursuant to R.C. 4112.05(B)(1). However, the

General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action. R.C. 4112.08 states that 'any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.'

{¶ 19} "These provisions relating to age discrimination demonstrate that the General Assembly was aware that individuals might attempt to commence both administrative and judicial proceedings pursuant to R.C. Chapter 4112. So, in clear language, the General Assembly expressed its intent that an election must be made. * * * The General Assembly has specifically limited an individual's ability to bring both an administrative and civil proceeding in the context of age discrimination." Id. at 506, 751 N.E.2d 1010.

{¶ 20} We next address Vinson's claim that she is not barred from pursuing a state civil suit because she did not pursue the administrative remedy after filing the charge with the OCRC. Vinson contends that although she filed an OCRC charge, she withdrew the charge and did not pursue the administrative remedy.

{¶ 21} We find that the language in R.C. 4112.08 is clear. That statute provides that the act of filing an OCRC charge bars civil suits in court. By merely filing an OCRC charge a litigant elects to pursue an administrative remedy and is thus barred from electing to pursue a civil suit in state court regardless of whether the administrative process is subsequently abandoned or withdrawn.

{¶ 22} The first assignment of error is overruled.

### III

{¶ 23} Vinson's second assignment of error is as follows:

{¶ 24} "Ohio Civil Rule 1 requires that all Civil Rules be interpreted to provide justice, and appellee's application of Civil Rule 12(H)(3) under these facts does not comply with this requirement."

{¶ 25} Vinson's argument in this assignment of error is somewhat obscure. It appears that she is contending that in dismissing her complaint the trial court construed the facts against her, i.e., the trial court did not credit her claim that she did not pursue her administrative claim. Therefore, Vinson argues that "in accordance with Ohio Rule of Civil Procedure 1, which requires that the civil rules be construed to permit just results, a dismissal of [her] complaint would violate the strictures of civil rules because it would require the Complaint to be read as if Appellant did in fact pursue an administrative remedy when she in fact did not."

{¶ 26}  As stated in Part II, above, it is immaterial whether Vinson pursued her administrative remedy after filing her OCRC charge.  The relevant inquiry is whether she elected, by filing a charge with the OCRC, a specific remedy.  The mere filing of an OCRC charge bars the subsequent filing of a civil suit in state court.  Vinson candidly admitted in her complaint that she filed a charge with the OCRC. Therefore, she is barred from seeking a judicial remedy of her cause of action, and the trial court did not violate the Civil Rules by dismissing her complaint.

{¶ 27}  The second assignment of error is overruled.

IV

{¶ 28}  Both of Vinson's assignments of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.