[Cite as *Zimmerman v. Montgomery Co. Pub. Health Dept.*, 2016-Ohio-1423.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

JUDY KAY ZIMMERMAN            :
                             :
    Plaintiff-Appellant      :    C.A. CASE NO. 26816
                             :
v.                           :    T.C. NO. 15MSC162
                             :
MONTGOMERY COUNTY PUBLIC     :    (Civil appeal from Common Pleas
HEALTH DEPARTMENT, et al.    :     Court, Probate Division)
                             :
    Defendants-Appellees     :
                             :

. . . . . . . . . . .

# O P I N I O N

Rendered on the \_\_\_1st\_\_\_ day of \_\_\_\_\_April\_\_\_\_\_, 2016.

. . . . . . . . . .

JUDY KAY ZIMMERMAN, c/o 2501 5th Street E, Menomonie, Wisconsin 54751
    Plaintiff-Appellant

ADAM M. LAUGLE, Atty. Reg. No. 0092013, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Defendant-Appellee Montgomery County Public Health Department

MARC S. DAVIS, Atty. Reg. No. 0091246, Assistant Attorney General, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellee Ohio Department of Health

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Judy Kay Zimmerman, filed August 27, 2015. Zimmerman appeals from the decision of the

probate court that dismissed, for lack of subject matter jurisdiction, her "Complaint for Declaratory Judgment." We hereby affirm the judgment of the probate court.

{¶ 2} Zimmerman's complaint provides that she "grants personal jurisdiction to this Court and therefrom seeks clarification regarding the purpose and intent of [her certificate of live birth and her certification of birth] in order to end controversy." Zimmerman named as respondents "Judy Kay Zimmerman – State File No. 194009623," the Montgomery County Health Department ("MCHD"), the Ohio Department of Health, and the State of Ohio. The complaint provides that Zimmerman "claims damage, harm, loss and injury as a result of respondent's (sic) acts wherein complainant alleges that respondents use complainant's property in commercial and legal transactions without complainant's knowledge or consent." Zimmerman sought "a declaration and decree concerning" "the purpose and intent," and "the construction and validity," of her certificate of live birth and her certification of birth, as well as "[a]ll of the facts relied upon in the creation of said instruments." Zimmerman also sought a "declaration and decree" as to her "legal relation to the Entity/ Organization JUDY KAY ZIMMERMAN – STATE FILE NO. 1946009623," as well as her "rights and duties associated with said Entity/Organization," the "nature and purpose of said Entity/Organization," and her "status at law as affected by said Entity/Organization." Zimmerman's complaint "requires Declaratory Relief in the form of an Order directing that respondents: 1. Provide an accounting of said Entity/Organization; [and] 2. Terminate and dissolve said Entity/Organization unless for good cause shown." Attached to the complaint are Zimmerman's certificate of live birth and birth certificate, which reflect that she was born in Dayton, Ohio, in 1946.

**{¶ 3}** On June 2, 2015, MCHD filed a Motion to Dismiss for "failure to state a claim against the MCHD upon which relief can be granted." On June 19, 2015, the probate court issued an "Entry and Order Granting Motion to Dismiss; Notifying Parties of Intention to Dismiss Remaining Claims." The court noted that "[a]t best, the complaint contains only one allegation – 'that respondents use complainant's property in commercial and legal transactions without complainant's knowledge or consent.' " The court concluded that "[t]his allegation is insufficient to meet the notice pleading standard." The court notified the parties that "it intends to dismiss Zimmerman's claims against the remaining defendants. To the extent that any party opposes such intention, he or she may file a memorandum in opposition on or before July 10, 2015."

**{¶ 4}** On June 23, 2015, Zimmerman filed an "Answer to Respondent Montgomery County's Motion to Dismiss." On June 24, 2015 the Ohio Department of Health filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim.

**{¶ 5}** On July 13, 2015, Zimmerman filed "Complainant's Motion for Summary Judgment" against the State of Ohio and "Judy Kay Zimmerman – State File No. 1946009623." She also filed a "Certificate of Service" and an Affidavit as well as the following:

Memorandum
(1) In Support of Motions to Dismiss Montgomery County Public
Health Department and Ohio Department of Health,
(2) In Opposition to the Court's Intention to Dismiss Remaining
Claims, (3) In Support of Motion for Summary Judgment,
or in the alternative, Removal of this Case to a Court that
is Cognizable to Make a Determination on the Issues Raised, or in
the alternative, a De Novo Hearing of the Case.

**{¶ 6}** In dismissing Zimmerman's complaint, the probate court determined as

follows:

* * *

**A.  Answer to Montgomery County's Motion to Dismiss**

The Court granted MCPHD's motion to dismiss seventeen days after it was filed, affording Zimmerman sufficient time to file a memorandum opposing dismissal, if she so desired.  Zimmerman failed to file a memorandum within this time period, instead filing an "answer" to MCPHD's motion four days after it was granted and the claims against MCPHD were dismissed.  The entry and order granting MCPHD's motion, and dismissing the claims against MCPHD, is a final appealable order that may not be reconsidered by the Court.  *See Pitts v. Ohio Dept. of Transportation*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981).  Accordingly, the Court may not consider or rule upon the arguments set forth in Zimmerman's Answer to Respondent Montgomery County's Motion to Dismiss.

**B.  Dept. of Health's Motion to Dismiss**

In lieu of filing an answer, the Civil Rules authorize a party to file a motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Civ.R. 12(B)(1),(6).  Here, Dept. of Health has moved to dismiss the claims against it on both grounds.

With respect to subject matter jurisdiction, "[i]t is a well-settled principle of law that probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution."  *In re Guardianship of Hollins*, 114 Ohio St.3d 434,

2007-Ohio-4555, 872 N.E.2d 1214, ¶ 11. The statute governing the probate court's subject matter jurisdiction, R.C. 2101.24, enumerates certain matters over which it has jurisdiction, including "declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code". R.C. 2101.24(A)(1)(l). The chapter governing declaratory judgments authorizes persons interested under legal instruments, including wills, to obtain declarations regarding the construction or validity of such instruments. R.C. 2721.03. The chapter further authorizes persons interested in the estate of a decedent, ward, or trust to obtain declarations of their rights in cases to ascertain any class of persons interested in the estate, direct the fiduciary of the estate to act or abstain from acting and determine any question arising in the administration of the estate. R.C. 2721.05.

Although the statutes governing declaratory judgments extend the power of the probate court to grant declaratory relief within its subject matter jurisdiction, they do not enlarge the court's jurisdiction. *Nemcek v. Paskey*, 137 Ohio Misc.2d 1, 2006-Ohio-2059, 849 N.E.2d 108, ¶ 12. (Trumbull P.C.). As discussed in the preceding paragraph, R.C. 2101.24 enumerates certain matters within the probate court's jurisdiction. The statute also grants the probate court jurisdiction over a matter if another section of the Revised Code does so. R.C. 2101.24(A)(2), (B)(1)(a). Only one statute grants the probate court jurisdiction over birth records. That statute provides:

Whoever claims to have been born in this state, and whose registration of birth is not recorded, or has been lost or destroyed, or has not been properly and accurately recorded, may file an application for registration of birth or correction of the birth record in the probate court of the county of the person's [birth] or residence or the county in which the person's mother resided at the time of the person's birth.

R.C. 3705.15. Consequently, the "[p]robate court's jurisdiction pertaining to birth certificates is limited to ordering the registration of an unrecorded birth and the correction of a birth record." *Nemcek* at ¶ 14.

In this case, Zimmerman's complaint requests a declaratory judgment regarding the construction and validity of a certificate of live birth and certification of birth. Although aspects of the complaint are murky, one thing is clear – the complaint does not include a request that the Court register an unrecorded birth or correct a birth record, which are the only requests regarding birth certificates and records that are within this Court's subject matter jurisdiction. Thus, to the extent the complaint states any claims upon which relief can be granted, this Court lacks subject matter jurisdiction over them. Therefore, the Court must dismiss this action and may not consider or rule upon any additional arguments set forth in Dept. of Health's Motion to Dismiss or any arguments set forth [in] Zimmerman's Motion for Summary Judgment and related filings.

{¶ 7} Zimmerman asserts the following assignment of error:

DISMISSAL OF THE CASE WITHOUT GRANTING A DECLARATORY JUDGMENT AND DENIAL OF SUMMARY JUDGMENT AGAINST STATE OF OHIO WAS AN ABUSE OF DISCRETION ON THE

PART OF THE COURT.

**{¶ 8}** Zimmerman cites R.C. Chapter 2721. R.C. 2721.07 provides: "Courts of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought." According to Zimmerman, "[t]his is the only reason cited for dismissal and the Court did not cite this reason. Appellant believes the Declaratory Judgment should be liberally construed to clear up any confusion on rights and duties pursuant to the instruments of interest in this case."

**{¶ 9}** Zimmerman further asserts as follows:

Default or Summary judgment is granted in favor of the plaintiff when a respondent has not answered the summons. Neither State of Ohio nor JUDY KAY ZIMMERMAN – STATE FILE NUMBER 1946009623 responded to the Complaint. Appellant considers these two parties one-and-the-same, in that STATE OF OHIO created the latter entity/account and *appears* to be the registered owner of same. By dismissing the case, Appellant was denied her right to due process.

**{¶ 10}** Zimmerman further cites R.C. 2101.16, which provides that the filing fee for a complaint for declaratory judgment is $20.00, which "shall be charged and collected, if possible, by the probate judge and shall be in full for all services rendered in the respective proceedings." Zimmerman argues that the fee is "voluntary" and asserts as follows:

\* \* \* The Probate Court Judge who also acts in the role of the Clerk

of Court, rejected Appellant[']s assertion. Subsequently, Appellant was forced to tender a fee of $165.00 fee (sic) in a pay-for-play scheme. Appellant conditionally accepted the fee in exchange that she be given "Honest Services". The Court imposed additional fees at each filing. Appellant relies on Article 40 of the Magna Carta:

*To none will we sell, to none deny or delay, right or justice,*

as well as Article VIII Sec. 7 of the Constitution of the State of Ohio 1802, brought forward in Article I Sec. 16 of the current Ohio Constitution which states:

*That all courts shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have a remedy by the due course of law and right and justice administered without denial or delay.*

By being required to tender a fee, the Appellant alleges that the Court turned into a commercial enterprise and therefore, at a minimum, should provide Honest Services. Appellant was denied Honest Services by being denied a Declaratory Judgment.

{¶ 11} In its brief, the MCPHD asserts as follows:

The Probate Court[] was not acting unreasonably, arbitrarily, or unconscionably in dismissing Zimmerman's declaratory judgment action. Thus, the Court's order dismissing Appellant's complaint does not constitute an abuse of discretion. The dismissal arose from Zimmerman's failure to meet the requirements for bringing a declaratory judgment action. * * *

{¶ 12} In its brief, the Ohio Department of Health argues "[t]his Court reviews a

lower court's decision granting a motion to dismiss under a *de novo* standard of review," and that Zimmerman's declaratory judgment action is not within the probate court's subject matter jurisdiction.

{¶ 13} As this Court has previously noted:

When a litigant files a Civ.R. 12 motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. *Crestmont Cleveland Partnership v. Ohio Dept. of Health* (2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222. "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss * * *." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus. We apply de novo review to the trial court's decision on a motion to dismiss for lack of subject-matter jurisdiction. *Crestmont Cleveland Partnership* at 936, 746 N.E.2d 222.

*Vinson v. Diamond Triumph Auto Glass, Inc.*, 149 Ohio App. 3d 605, 2002-Ohio-5596, 778 N.E.2d 149, ¶ 7 (2d Dist.).

{¶ 14} As noted by the Twelfth District:

* * * [A] probate court is a court of limited jurisdiction, and probate proceedings are restricted to those actions permitted by statute and by the constitution. *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708 (1988), paragraph one of the syllabus. "Statutes which create a declaratory

judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." *Nemcek v. Paskey*, 137 Ohio Misc.2d 1, 2006-Ohio-2059, 849 N.E.2d 108, ¶ 12 (C.P.), quoting *Ryan v. Tracy*, 6 Ohio St.3d 363, 366, 453 N.E.2d 661 (1983). "The probate court has jurisdiction to render declaratory judgments pursuant to R.C. Chapter 2721 and R.C. 2101.24." *Nemcek* at ¶ 12; *See also First Nat. Bank of Southwestern Ohio* at 174, 699 N.E.2d 523.

*Estate of Everhart v. Everhart*, 2014-Ohio-2476, 14 N.E.3d 438, ¶ 18 (12th Dist.). "Probate court's jurisdiction pertaining to birth certificates is limited to ordering the registration of an unrecorded birth and the correction of a birth record. R.C. 3705.15." *Nemcek*, ¶ 14.

{¶ 15} As the probate court determined, Zimmerman's complaint did not allege a cause of action that the probate court had authority to decide. In other words, the complaint for declaratory relief did not request the registration of an unrecorded birth or the correction of a birth record and was subject to dismissal by the probate court for lack of subject matter jurisdiction. R.C. Chapter 2721 does not expand the probate court's jurisdiction beyond that conferred by R.C. 3705.15. Since Zimmerman's complaint was subject to dismissal, the court was not required to address the arguments in her motion for summary judgment and supporting affidavit. Finally, Zimmerman's argument that the probate court "turned into a commercial enterprise" based upon the fees she paid is not

a proper subject for appeal to this Court.

{¶ 16} There being no merit to Zimmermann's assigned error, it is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Judy Kay Zimmerman
Adam M. Laugle
Marc S. Davis
Hon. Alice O. McCollum