[Cite as *Wiggins v. Safeco*, 2019-Ohio-312.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| ERIC L. WIGGINS, et al. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28163 |
| | : | |
| v. | : | Trial Court Case No. 2018-MSC-193 |
| | : | |
| SAFECO INSURANCE COMPANY OF INDIANA, et al. | : | (Civil Appeal from Probate Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . .

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, # 2, Centerville, Ohio 45459
    Attorney for Plaintiff-Appellant, Eric L. Wiggins, et al.

DAVID E. WILLIAMSON, Atty. Reg. No. 0071270, 312 Elm Street, Suite 1850, Cincinnati, Ohio 45202
    Attorney for Defendants-Appellees, Safeco Insurance Company of Indiana and Liberty Mutual Group, Inc.

THOMAS L. ROSENBERG, Atty. Reg. No. 0024898 and ANDREW S. GOOD, Atty. Reg. No. 0088653, 41 S. High Street, Huntington Center, 41st Floor, Columbus, Ohio 43215
    Attorneys for Defendant-Appellee, Praetorian Insurance Company

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Eric Wiggins appeals from the judgment of the probate court that dismissed his complaint for declaratory judgment for lack of subject matter jurisdiction. The question is whether the probate court had jurisdiction to address issues relating to defendant Safeco Insurance Company of Indiana's obligations to Wiggins under his homeowner's insurance policy. We conclude that these issues were not within the probate court's jurisdiction, and we affirm.

## I. Background and Procedural History

{¶ 2} On November 29, 2016, Wiggins's wife, Leola Wiggins, died intestate. The following January, Wiggins was appointed the administrator of her estate. Later that year, in June, while the estate was being probated, fire damaged the Dayton, Ohio, house in which they had resided together and in which Wiggins continued to reside. The house had been titled only in Leola's name. Two homeowner's insurance policies covered the losses. Praetorian Insurance had issued a policy before Leola's death under which she was the named insured and the mortgage company, defendant Seterus, Inc., was identified as an additional insured. After being appointed the administrator of his wife's estate, Wiggins purchased a policy in his individual capacity from Safeco that provided the same coverages and similar coverage amounts as the Praetorian policy. Under the Safeco policy, Wiggins was the sole named insured.

{¶ 3} Wiggins submitted loss claims to Safeco. While it was processing his claims, Safeco learned about the Praetorian policy. The Safeco policy contained an "other insurance" clause stating that if a loss covered by the policy were also covered by another policy, Safeco would pay only its proportionate share of the loss, based on the total

amount of coverage available. (The Praetorian policy had a similar "other insurance" clause.) Safeco tried to explain this to Wiggins, but Wiggins insisted that he was entitled to the full limits of the Safeco policy.

{¶ 4} Wiggins filed a declaratory-judgment action in the probate court in June 2018, individually and as administrator of his wife's estate, against Safeco, Liberty Mutual Group, Inc. (Safeco's parent company, it appears), Praetorian, Seterus, Federal National Mortgage Association, and the City of Dayton. All of Wiggins's claims related to the Safeco insurance policy and his belief that, under that policy, Safeco was obligated to fully pay for his losses from the fire and to pay all the proceeds to him. Against Safeco and Liberty Mutual, Wiggins asserted claims for breach of contract, breach of fiduciary duty, punitive damages, and declaratory judgment. Wiggins's sole claim against Praetorian, Seterus, and Federal National asked the probate court to rule that they had "no claim to the insurance proceeds, and that the same may be paid over to the Plaintiff, as the named beneficiary." The claim against Dayton asked the court to declare that the house "be properly stabilized, including proper demolition, using funds from insurance proceeds, as provided in the [Safeco] policy," which included "Land Stabilization" coverage.

{¶ 5} Safeco and Praetorian each moved to dismiss under Civ.R. 12(B)(1), arguing that the probate court lacked subject-matter jurisdiction. The probate court agreed. The court found that the central dispute in Wiggins's action concerned the construction and interpretation of a contract—the Safeco insurance policy—to which the only parties were Wiggins and Safeco. The court found that Wiggins's claims in the action were unrelated

to the administration of his wife's estate. The probate court concluded that it did not have jurisdiction to resolve this contract dispute, so it sustained the motions to dismiss.

{¶ 6} Wiggins appeals.

## II. Analysis

{¶ 7} The sole assignment of error alleges:

The Entry And Order Of Dismissal was contrary to law because the declaratory judgment action filed by the fiduciary properly invoked the *exclusive*, *and or concurrent jurisdiction* of the probate court to direct and control the actions of the fiduciary, order the distribution of assets belonging to the estate, and to determine the rights of creditors and other parties to the action.

(Emphasis sic.).

*Standard of review*

{¶ 8} We review de novo a trial court's decision on a motion to dismiss for lack of subject-matter jurisdiction. *Zimmerman v. Montgomery Cty. Pub. Health Dept.*, 2d Dist. Montgomery No. 26816, 2016-Ohio-1423, ¶ 13. The question is "whether the complaint contains allegations of a cause of action that the trial court has authority to decide." *Vinson v. Diamond Triumph Auto Glass, Inc.*, 149 Ohio App.3d 605, 2002-Ohio-5596, 778 N.E.2d 149, ¶ 7 (2d Dist.); *see also Zimmerman* at ¶ 13 (quoting the same). When determining whether a court has subject-matter jurisdiction under Civ.R. 12(B)(1), a court " 'is not confined to the allegations of the complaint.' " *Zimmerman* at ¶ 13, quoting *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

*The jurisdiction of the probate court*

{¶ 9} "The probate court is a court of limited jurisdiction. The court has only that jurisdiction which is granted by statute and by Constitution." *Zuendel v. Zuendel*, 63 Ohio St.3d 733, 735, 590 N.E.2d 1260 (1992). R.C. 2101.24 grants the probate court exclusive jurisdiction over some matters and over other matters concurrent jurisdiction with the general division of the court of common pleas. Wiggins argues that the probate court here had exclusive jurisdiction over his action under R.C. 2101.24(A)(1)(c), (l), and (m), which grant the probate court exclusive jurisdiction in these matters:

(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

* * *

(l) To render declaratory judgments * * *; [and]

(m) To direct and control the conduct of fiduciaries and settle their accounts[.]

Furthermore, Wiggins argues that the probate court had concurrent jurisdiction under R.C. 2101.24(B)(1)(c)(i), which grants the probate court concurrent jurisdiction over "any action with respect to a probate estate * * * or post-death dispute that involves * * * [a] designation or removal of a beneficiary of a life insurance policy, annuity contract, retirement plan, brokerage account, security account, bank account, real property, or tangible personal property[.]"

{¶ 10} We agree with the probate court that it had neither exclusive nor concurrent jurisdiction over Wiggins's action.

*No exclusive jurisdiction*

{¶ 11} The probate court did not have exclusive jurisdiction under R.C. 2101.24(A)(1)(c) or (m). None of Wiggins's claims asked the probate court to direct and control his conduct or settle his account or distribute his wife's estate.

{¶ 12} Nor did the probate court have exclusive jurisdiction under R.C. 2101.24(A)(1)(l) to render the declaratory judgments that Wiggins sought. It is important to bear in mind that "[s]tatutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." *Nemcek v. Paskey*, 137 Ohio Misc.2d 1, 2006-Ohio-2059, 849 N.E.2d 108, ¶ 12 (C.P.), quoting *Ryan v. Tracy*, 6 Ohio St.3d 363, 366, 453 N.E.2d 661 (1983); *see also Zimmerman*, 2d Dist. Montgomery No. 26816, 2016-Ohio-1423, at ¶ 14 (quoting the same). The probate court has "jurisdiction when a justiciable dispute arises with respect to duties related to the administration of the estate." *Zuendel*, 63 Ohio St.3d at 736, 590 N.E.2d 1260. It follows, then, that "[i]n determining whether a declaratory judgment action is properly before the probate court, the primary question is whether the matter is related to the administration of the estate." *Weathington v. Hill*, 3d Dist. Marion No. 9-11-16, 2011-Ohio-5875, ¶ 29, citing *Zuendel.*

{¶ 13} The matters raised in Wiggins's declaratory-judgment action were not directly related to the administration of his wife's estate. As we said, Wiggins's claims do not relate to directing and controlling his conduct, settling his account, or distributing his wife's estate, R.C. 2101.24(A)(1)(c) and (m). Instead, this was primarily a contract dispute

between Wiggins and Safeco. Wiggins took out the Safeco insurance policy in his individual capacity, and the central dispute concerned rights and obligations under the policy. "A probate court * * * lacks jurisdiction to enter declaratory judgments over contract disputes." *In re Creation of a Park Dist. within Chester Twp.*, 11th Dist. Geauga No. 2016-G-0082, 2017-Ohio-4031, ¶ 39, citing *Buckman-Peirson v. Brannon*, 159 Ohio App.3d 12, 2004-Ohio-6074, 822 N.E.2d 830, ¶ 12 (2d Dist.). As we have said, "breach-of-contract claims are [not] listed in [R.C. 2101.24]." *Brannon* at ¶ 12. "R.C. 2101.24 does not grant a probate court jurisdiction to resolve breach of contract actions or a declaration of rights under an enforceable contract." *Chester Twp.* at ¶ 39. While Wiggins's claims may have a relationship to the administration of his wife's estate because the damaged residence was titled in the name of the decedent, they were nevertheless distinct claims that involved separate legal issues, because the Safeco policy was a contract between Safeco and Eric Wiggins personally and individually. *Compare Brannon* at ¶ 17 (breach-of-contract claim developed out of wrongful-death action but was distinct from the action). The contract claims do not directly implicate the administration of the estate.

{¶ 14} Lastly, R.C. 2101.24 also grants the probate court exclusive jurisdiction over "a particular subject matter" if "[a]nother section of the Revised Code expressly confers jurisdiction over that subject matter upon the probate court" and "[n]o section of the Revised Code expressly confers jurisdiction over that subject matter upon any other court or agency." R.C. 2101.24(A)(2). Wiggins points to no other section of the Revised Code that expressly grants the probate court jurisdiction over the matters that he raised.

*No concurrent jurisdiction*

**{¶ 15}** The probate court did not have concurrent jurisdiction either. Contrary to Wiggins's contention, his action did not involve "[a] designation or removal of a beneficiary of a life insurance policy, annuity contract, retirement plan, brokerage account, security account, bank account, real property, or tangible personal property," R.C. 2101.24(B)(1)(c)(i).

**{¶ 16}** R.C. 2101.24 also grants the probate court concurrent jurisdiction over any action that involves particular subject matter "[i]f jurisdiction relative to [the] particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent." R.C. 2101.24(B)(1)(a). Wiggins points to no section of the Revised Code or judicial decision that grants the probate court jurisdiction over the matters in this action.

### III. Conclusion

**{¶ 17}** The probate court correctly concluded that it did not have subject-matter jurisdiction over this action. Consequently it did not err when it sustained the motions to dismiss on that basis. Wiggins's sole assignment of error is overruled. The probate court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies sent to:

Worrell A. Reid
David E. Williamson
Thomas L. Rosenberg
Andrew S. Good
Martin W. Gehres

Matthew P. Curry
Hon. Alice O. McCollum