**BALENT et al., Appellants,**

v.

**NATIONAL REVENUE CORPORATION et al., Appellees.**

[Cite as *Balent v. Natl. Revenue Corp.* (1994), 93 Ohio App.3d 419.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–886.

Decided March 8, 1994.

*Matan & Smith* and *Grant A. Wolfe,* for appellants.

*Bricker & Eckler* and *Timothy J. Owens,* for appellees.

DESHLER, Judge.

Plaintiffs-appellants, Robert W. Balent and Philip M. Cooper, appeal from a judgment of the Franklin County Court of Common Pleas dismissing appellants' claims for age discrimination against defendants-appellees, National Revenue Corporation ("NRC") and National Revenue Services Corporation ("NRSC").

The facts of this case are not in dispute. Appellants were employees of NRC from 1987 until their termination on May 24, 1991. Both appellants were over age forty at the time of their discharge, which NRC characterized as prompted by budgetary cut-backs.

Both appellants filed charges on July 15, 1991 with the Ohio Civil Rights Commission ("OCRC"), alleging unlawful discrimination on the basis of age. Appellants then filed this action alleging, *inter alia*, age discrimination in violation of R.C. 4112.02(A), giving rise to damages recoverable under R.C. 4112.99. This claim constituted count two of appellants' complaint.

The trial court dismissed the age discrimination claim, thus giving rise to this appeal. The trial court found that Ohio's statutory framework required a claimant alleging age discrimination to elect between pursuing an administrative remedy with the OCRC, or one of three statutory remedies: R.C. 4112.99, 4112.02(N), and 4101.17. The trial court held that, since appellants had elected to pursue their claim with the OCRC, they were barred from pursuing a judicial remedy under R.C. 4112.99.

Appellants have timely appealed and set forth the following assignment of error:

"The Trial Court erred in granting Defendants–Appellees' Motion to Dismiss for lack of subject matter jurisdiction; erroneously concluding that a person who files an age discrimination charge under § 4112.05 of the Ohio Revised Code is barred, by the doctrine of election of remedies and § 4112.08 of the Ohio Revised Code, from thereafter instituting a civil action for age discrimination under § 4112.99 of the Ohio Revised Code."

Appellants' assignment of error aptly summarizes a difficult issue raised by several overlapping statutory provisions addressing age discrimination. Prior to 1987, a claimant in an age discrimination case was given three mutually exclusive options under the Revised Code. R.C. 4101.17(B) provided for a civil action by an employee against an employer who violated the age discrimination prohibition in Part A of that section. R.C. 4101.17(B) further provided:

" * * * The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the

practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code."

R.C. 4112.02(N) provides for a civil action for an age discrimination violation of Part A of that section, and again this remedy is elective:

" * * * A person who files a civil action under this division is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code."

R.C. 4112.05 provided that a victim of discrimination under R.C. 4112.02 or 4112.021 may file a charge with the OCRC. Although R.C. 4112.05 contains no mention of exclusivity of remedy with regard to R.C. 4112.02(N) and 4112.17, the requirement to elect a remedy under the latter two sections effectively renders each of the three above-cited provisions mutually exclusive. This requirement to elect is reinforced by R.C. 4112.08, which, in 1991, provided as follows:

"The provisions of sections 4112.01 to 4112.08 of the Revised Code, shall be construed liberally for the accomplishment of the purposes thereof and any law inconsistent with any provision hereof shall not apply. Nothing contained in sections 4112.01 to 4112.08 and 4112.99 of the Revised Code, shall be deemed to repeal any of the provisions of any law of this state relating to discrimination because of race, color, religion, sex, national origin, age, or ancestry; *except that any person filing a charge under section 4112.05 of the Revised Code is, with respect to the practices complained of, thereby barred from instituting a civil action under section 4101.17 or division (N) of section 4112.02 of the Revised Code.*" (Emphasis added.)

The interaction of the above sections, while creating a legal hall of mirrors from the standpoint of remedies, does permit of a logical reconciliation. It is, however, the addition of yet another statutory provision to this discussion, R.C. 4112.99, which creates the current controversy over interpretation. R.C. 4112.99 provides:

"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

The legislature amended this section in 1987 to provide a civil remedy, whereas it had previously provided a criminal penalty. The very narrow issue before us, then, is whether the civil action established pursuant to R.C. 4112.99 is subject to the election requirement of the other provisions bearing on relief from age discrimination. We must admit that a compelling case may be made for either position on this issue, and the lack of unanimity among Ohio appellate decisions

and federal court decisions on the issue does not provide much guidance by way of precedent.

The leading Ohio Supreme Court case, *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056, does not specifically address the narrow issue before us. This case was concerned with the more general question of whether R.C. 4112.99 "merely recapitulates the specific civil remedies available under R.C. 4112.02(N) (age discrimination), R.C. 4112.021(D) (discrimination in affording credit) and R.C. 4112.051(A) (housing discrimination)," or whether the legislature had intended to provide a civil remedy for all other types of discrimination previously enumerated under R.C. Chapter 4112, but theretofore devoid of specific civil remedy provisions. *Elek, supra,* at 136, 573 N.E.2d at 1057–1058. The Supreme Court had before it an action for discrimination on the basis of physical disability, a form of discrimination without provision for a civil remedy unless R.C. 4112.99 were found to apply. The court concluded that:

" * * * Had the General Assembly meant to limit the availability of the civil action remedy to those instances in R.C. Chapter 4112 where it was already provided, it would have identified the section to which R.C. 4112.99 applied * * *. Instead its language applies to any form of discrimination addressed by R.C. Chapter 4112." *Elek, supra,* at 136–137, 573 N.E.2d at 1058.

Part of the court's reasoning in *Elek* was based upon the conclusion that any conflict between the general provision of R.C. 4112.99 and the previously existing remedies under R.C. Chapter 4112 for age, credit, or housing discrimination could be resolved. "In those instances where such alleged conflict may be presented, existing rules of statutory construction are available to address them (see, *e.g.,* R.C. 1.51 [special provisions normally prevail over a general provision]; R.C. 1.52[A] [later enacted statute prevails over earlier one] )." *Elek, supra,* at 137, 573 N.E.2d at 1058. Unfortunately, because it was not confronted in *Elek* with a conflict between specific and general sections of R.C. Chapter 4112, the Supreme Court did not further specify *which* of the above-named rules of statutory interpretation, each of which would yield diametrically opposite results, should be favored in resolving the issue before us.

Among courts concluding that the specific provision of R.C. 4112.02(N) prevails over the general one in R.C. 4112.99, thus necessitating an election between the statutory and administrative remedy, we find *Giambrone v. Spalding & Evenflo Co.* (1992), 79 Ohio App.3d 308, 607 N.E.2d 106; *Bellian v. Bicron Corp.* (Dec. 18, 1992), Geauga App. No. 92–G–1695, unreported, 1992 WL 387354, affirmed (1994), 69 Ohio St.3d 517, 634 N.E.2d 608; and *West v. Iten Indus., Inc.* (1991), N.D.Ohio No. 4:90–CV–1130, unreported, 1991 WL 537173. The case providing the most complete and comprehensive support for this position, however, is that of *Pozzobon v. Parts for Plastics, Inc.* (N.D.Ohio 1991), 770 F.Supp. 376. The court

in *Pozzobon* concluded that the language in R.C. 4112.08 stating that "nothing contained in sections 4112.01, 4112.08 and 4112.99 of the Revised Code shall be deemed to repeal any of the provisions of the law of this state relating to discrimination * * *" must be understood to prevent the 1987 amendment to R.C. 4112.99 from altering the scheme of election of remedies set forth in the various statutory provisions addressing age discrimination. The court did not "deem it reasonable to conclude that the single, broadly worded sentence contained in § 4112.99 could possibly have been intended to eradicate the detailed legislative scheme * * * in existence in the Ohio Revised Code." *Pozzobon, supra,* at 379.

Among cases reaching a contrary conclusion, we find many, in a cavalier fashion, which mention the election issue without addressing it, and proceed, on the assumption that R.C. 4112.99 is not subject to the election requirement, to discuss the equally vexatious problem of which statute of limitations should apply to an R.C. 4112.99 civil action.[1] Among these cases are *Hinderegger v. Dairy & Nutrition Counsel* (Nov. 15, 1993), Stark App. No. CA–9297, unreported, 1993 WL 500517; *Duval v. Titon Equip. Corp.* (June 25, 1992), Cuyahoga App. No. 62809, unreported, 1992 WL 146861; and *McHenry v. Muskingum College Bd. of Regents* (Dec. 30, 1993), Muskingum App. No. C.T. 93–25, unreported, 1993 WL 564221. In *Pater v. Health Care & Retirement Corp.* (S.D.Ohio 1992), 808 F.Supp. 573, the court did address the reasoning of the *Pozzobon* court and concluded that "the Ohio legislature, which undoubtedly went to great pains in drafting this state's anti-discrimination statutes, could have either amended sections 4112.02(N), 4101.17 and 4112.08 to include such references to section 4112.99 when it adopted this new section, or could have incorporated the same or similar language of exclusivity and election in section 4112.99 itself." *Pater, supra,* at 577. The court further concluded, pursuant to *Elek,* that Section 4112.99 created a new, independent, non-exclusive private right of action to combat all forms of discrimination addressed by R.C. Chapter 4112, including age discrimination, without altering the mutually exclusive nature of R.C. 4101.17, 4112.02(N), and 4112.05.

We find the position of the court in *Pozzobon* more persuasive. We reach this conclusion primarily because of our belief that the carefully constructed requirements of election of remedy set forth, in some detail, in R.C. 4112.17 and

---

1. The parties have neither raised as error nor briefed this potentially dispositive issue regarding the statute of limitations in this case. Our conclusion with regard to the requirement of election of remedies renders it unnecessary for us to engage in improvident discussions of what the applicable statute of limitations would be were a civil age discrimination action under R.C. 4112.99 granted, unfettered by the requirements of the other statutory sections addressing this type of discrimination. We therefore expressly reserve this issue for another day.

4112.02(N), and reiterated in R.C. 4112.08, can only be taken to express the legislature's unambiguous intention to require an election of a single administrative or statutory remedy when bringing a claim for age discrimination. If R.C. 4112.99 fails to explicitly perpetuate the scheme set up by prior statutes addressing age discrimination, it is equally lacking in explicit intent to repeal the previously established statutory scheme. Just as we need not have inquired, prior to 1987, into the legislature's motives in allowing a civil action for age, credit, and housing discrimination, while providing none for the multiple other forms of discrimination which afflict our society, we need not today inquire into the wisdom of preserving a requirement of election in age discrimination cases where none exists elsewhere. Nonetheless, the specific and detailed articulation of available remedies and interaction between applicable statutes addressing age discrimination claims must be taken to prevail over the broad terms of R.C. 4112.99. The latter is perhaps the later-enacted statute, but it is not the most apposite one, and must be read in this light.

We are also mindful of two prior decisions of this court expressing some consistency, albeit in discussions peripheral to the principal holdings in those cases, with the opinion we render today. *Larkins v. G.D. Searle & Co.* (1990), 68 Ohio App.3d 746, 589 N.E.2d 488; *Jones v. BancOhio Natl. Bank* (Sept. 30, 1993), Franklin App. No. 93AP–246, unreported, 1993 WL 393842. We therefore hold that the requirement of election of remedy subsists in age discrimination actions, and the trial court did not err in dismissing count two of appellants' complaint in this action.

In accordance with the foregoing, appellants' assignment of error is overruled, and the decision of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.