JOURNAL ENTRY AND OPINION
This case came to be heard on the appeal of the defendant-appellant, Sean Edgerson, (hereinafter "appellant") from his plea of no contest in Cuyahoga County Court of Common Pleas Case No. 355633 to one count of escape in violation of R.C.2921.34.
The relevant facts are as follows. On May 7, 1997, appellant failed to report to the Adult Parole Authority. On October 15, 1997, a true bill indictment was issued against the appellant for escape, in violation of R.C. 2921.34. On October 30, 1997, a capias was issued and subsequently the appellant was arrested. On February 27, 1998, appellant pled no contest to escape in case No. CR-355633. On March 19, 1998, this court granted appellant's Motion for Leave to File a Delayed Appeal. The appellant's sole assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING APPELLANT GUILTY OF ESCAPE UNDER R.C. 2921.34 WHERE R.C. 2967.15 (C) (1) (2) PROVIDES THAT SUCH A PAROLEE SHALL BE TREATED AS A PAROLE VIOLATOR.
In support, appellant contends that as a parolee he could not have been charged with the crime of escape. He argues that while he was on parole there were conflicting statutes; R.C. 2921.34
under which he was charged and R.C. 2967.15 which prohibits parolees from being charged with escape: Appellant states that after this court applies the rules of statutory construction, the only conclusion we can reach is that a parolee could not have been charged with escape in this case.
Appellee, however, argues that R.C. 2967.15 and R.C. 2921.34 do not conflict. Appellee argues further that even if this court finds that the two statutes conflict, the rules of statutory construction resolve this situation in favor of R.C. 2921.34.
We begin our analysis by reviewing the relevant statutes. R.C.2921.34 (A) (1) provides:
 No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
R.C. 2921.01 (E) defines a person under detention. The provisions of R.C. 2921.01 (E), eff. 10-4-96, provide in part:
 "Detention" means . . . supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution.
Clearly R.C. 2921.01 (E) is inclusive of persons on parole, for a parolee remains under the supervision of a parole officer even though he/she had been released from a correctional institution. Accordingly, if a parolee breaks detention he/she may be charged with escape.
However our analysis does not end with a review of R.C. 2921.34
and R.C. 2921.01 (E), defining escape and detention respectively. We must now consider whether the said statutes conflict with other statutory provisions in effect when appellant failed to report to the Adult Parole Authority.
Appellant alleges that the trial court erred when it failed to consider R.C. 2967.15, which he contends is in direct conflict with R.C. 2921.01 and R.C. 2921.34. In part, R.C. 2967.15 (C) (2), eff. 7-1-96 reads:
 A furloughee or a releasee other than a person who is released on parole, conditional pardon, or post-release control is considered to be in custody while on furlough or other release, and, if the furloughee or releasee absconds from supervision, the furloughee or releasee may be prosecuted for the offense of escape.
(Emphasis added.)
This court finds that the above provision is in conflict with R.C. 2921.34 and R.C. 2921.01. In the case sub judice, the appellant failed to report to the Adult Parole Authority on May 7, 1997. At which time R.C. 2921.34, defining escape, included all individuals under the supervision of the Department of Rehabilitation and Correction including parolees. Also in effect at that time was R.C. 2967.15 which expressly prohibited the state from filing escape charges against a parolee who absconds supervision.
In order to resolve the conflict, the rules of statutory construction found in R.C. 1.51 and R.C. 1.52 are applied. When the provisions of R.C. 1.51 are read in conjunction with R.C.1.52, a later enacted general provision will only prevail over an earlier enacted special provision if certain requirements are met. Namely, did the legislature exhibit a manifest intent that the most recently enacted general provision should prevail over a previously enacted special provision. Balent v. Natl. RevenueCorp., 93 Ohio App.3d 419, 424 (1994).
In the case sub judice, we cannot find that the legislature possessed the required manifest intent that the more recently enacted provisions relating to escape, found in R.C. 2921.34 and R.C. 2921.01, should prevail over the earlier enacted special provisions found in R.C. 2967.15. This is illustrated by the fact that since the appellant was charged and pled no contest in this case, the legislature subsequently enacted an amended version of R.C. 2967.15. The newly enacted R.C. 2967.15 (C) (2), eff. 3-17-98, reads, in part:
 A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release, and, if the person absconds from supervision, the person may be prosecuted for the offense of escape.
The recent amendment to R.C. 2967.15 demonstrates that the legislature did not initially have the requisite intent that parolees who fled from supervision could be charged with escape.State v. Conyers, 1998 Ohio App. Lexis 3274 (July, 17, 1998), Lucas App. No. L-98-1109, unreported; State v. Schultz (Aug. 7, 1998), Hamilton App. No. 970954, unreported. The legislature has since displayed this unambiguous intent. It follows then, that R.C. 2921.34 and R.C. 2921.01 should prevail over R.C. 2967.15.Id.
Accordingly, the appellants sole assignment of error is well taken. The trial court did err as a matter of law in finding the appellant guilty of escape under R.C. 2921.34 where R.C. 2967.15
(C) (2) provided that such a parolee shall be treated as a parole violator.
Judgement reversed.
This cause is reversed.
It is, therefore, considered that said appellant(s) recover of said appellee(s) his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
ANN DYKE, P.J., CONCURS;
LEO M. SPELLACY, J., DISSENTS, WITH DISSENTING OPINIONS ATTACHED.
 __________________ JAMES D. SWEENEY JUDGE