OPINION
{¶ 1} Plaintiff-appellant, Nancy J. McNeely, appeals from a judgment of the Ohio Court of Claims granting the summary judgment motion of defendant-appellee, Ross Correctional Institution ("RCI"). Because the trial court properly granted summary judgment to RCI, we affirm.
 {¶ 2} The pertinent facts are undisputed. In August 2002, plaintiff applied for the position of Personnel Officer 3 at RCI; on September 27, 2002, plaintiff was notified she did not get the position. In response, plaintiff filed a charge of age discrimination on October 17, 2002, with both the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). See Complaint, at ¶ 3, 5.
 {¶ 3} On September 15, 2003, the EEOC issued plaintiff a notice of her right to sue, informing plaintiff she had 90 days, or until December 17, 2003, to file an action in court. Pursuant to the notice, on December 15, 2003 plaintiff timely filed a complaint in the United States District Court for the Southern District of Ohio. Because the federal court lacked jurisdiction over RCI, a state actor, plaintiff voluntarily dismissed the action on March 17, 2004. Approximately four months later, on July 22, 2004, plaintiff re-filed her complaint in the Ohio Court of Claims, alleging a violation of R.C. 4112.02(N), 4112.99, and the federal Age Discrimination in Employment Act ("ADEA").
 {¶ 4} RCI ultimately filed a motion for summary judgment, premised on three issues. RCI argued that: (1) plaintiff's ADEA claim was barred because it was not filed in the proper court within 90 days of notice of her right to sue; (2) plaintiff's state law claims under R.C. 4112.02 and 4112.99 were barred because the claims were not filed within 180 days of the alleged discriminatory act; and (3) plaintiff's state law claims were barred by the election of remedies applicable to age discrimination claims under R.C. 4112.08. The Court of Claims granted summary judgment to RCI, determining plaintiff's federal ADEA claim was untimely filed, and the applicable statute of limitations and plaintiff's election of remedies barred her state law claims. Plaintiff appeals, assigning two errors:
ASSIGNMENT OF ERROR NO. 1:
The trial Court erred by granting the Defendant summary judgment under the Plaintiff's ADEA claims.
ASSIGNMENT OF ERROR NO. 2:
The trial Court erred by granting the Defendant summary judgment under the Plaintiff's R.C. 4112.02 claims.
 {¶ 5} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
I. First Assignment of Error
 {¶ 6} In the first assignment of error, plaintiff contends the Court of Claims erred in dismissing her federal ADEA claim as untimely filed. Section 626(e), Title 29, U.S. Code provides that once the EEOC dismisses a charge of discrimination, the EEOC is to notify the complainant and to issue a notice of the right to sue. If the complainant wishes to file a lawsuit, he or she must do so within 90 days of receipt of the notice. Accordingly, plaintiff's notice states that "your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost."
 {¶ 7} The parties do not dispute that plaintiff initially filed her ADEA claim in federal court on December 15, 2003, within the 90-day period. Because plaintiff sued a state actor, the federal court lacked subject matter jurisdiction to consider plaintiff's ADEA claim. See R.C. 2743.01; R.C. 2743.02(E). Instead, she was required to file the action against RCI in the Ohio Court of Claims. As a result, on March 17, 2004, plaintiff voluntarily dismissed the federal action. Four months later, plaintiff re-filed her complaint in the Ohio Court of Claims.
 {¶ 8} Plaintiff argues that because she originally timely filed in federal court, the Ohio savings statute operates to save the subsequent action filed in the Ohio Court of Claims. R.C.2305.19, Ohio's savings statute, provides, as relevant here, that "[i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the * * * plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Even if we assume that plaintiff's federal court action failed otherwise than upon the merits, the savings statute remains inapplicable to the present case. See Allen v. McBride, 105 Ohio St.3d 21, 2004-Ohio-7112
(noting that a plaintiff's dismissal without prejudice is a failure otherwise than upon the merits).
 {¶ 9} A state savings statute cannot save a federal claim that contains a specific limitations period. Parrish v. HBO Co. (S.D.Ohio 1999), 85 F.Supp.2d 792, citing Burnett v. NewYork Central R.R. Co. (1965), 380 U.S. 424. Parrish relied on the rationale of Burnett, where the United States Supreme Court refused to apply Ohio's savings statute to save an untimely claim under a federal law that, like the ADEA, was governed by its own statute of limitations. Explaining its decision, Parrish noted "that incorporation of a state saving statute into a federal statute of limitations `would produce nonuniform periods of limitation in the several States. The scope of such statutes and the length of additional time they allow vary considerably from State to State. Moreover, not all States have saving statutes.'"Parrish, at 798, quoting Burnett, supra. Accordingly, application of Ohio's savings statute would destroy the ADEA's uniform operation and lead to inconsistent and unjust results.Parrish, supra.
 {¶ 10} Plaintiff attempts to distinguish Parrish because it involved a plaintiff who initially sued a former employer in state court, voluntarily dismissed the case, and then re-filed it in federal court outside the 90-day period. Plaintiff argues thatParrish failed to address the present situation, where a claim is timely filed in federal court, voluntarily dismissed, and then re-filed in state court beyond the 90-day period. Although the facts in this case are the reverse of Parrish, the principles reiterated in Parrish mandate the same result. In determining whether a state savings statute applies to save an untimely claim, the relevant question is whether the actual claim is a federal law claim governed by its own limitations period, not what court was the action initially filed in, as a state savings statute cannot alter a limitations period federal law applies to a federal claim. Because plaintiff's ADEA claim is governed by its own limitations period, operation of R.C. 2305.19 cannot rescue it.
 {¶ 11} Plaintiff argues that even if R.C. 2305.19 does not save her ADEA claim, the doctrine of equitable tolling applies to render it timely. "The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances." Grayv. Allstate Ins. Co. (S.D.Ohio 2005), 2005 WL 2372845, citingWilson v. Grumman Ohio Corp. (C.A.6, 1987), 815 F.2d 26. It is generally limited to circumstances in which an employee is intentionally misled or tricked into missing the filing deadline. Id. To that end, courts do not apply equitable tolling when employees have failed to pursue their rights diligently. Id. Courts consider five factors to determine whether equitable tolling is appropriate in a particular case: (1) lack of actual notice of the filing requirement, (2) lack of constructive notice of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements. Id.
 {¶ 12} Plaintiff contends that because she timely filed a civil action alleging an ADEA claim in federal court but had to dismiss due to lack of jurisdiction over RCI, the 90-day limitations period should be equitably tolled. Plaintiff fails to demonstrate why she did not originally file in the Ohio Court of Claims, the only court in Ohio with jurisdiction over a state actor in these circumstances. Further, plaintiff fails to explain why it took four months to re-file her complaint in the Ohio Court of Claims after voluntarily dismissing it from federal court. Plaintiff does not claim that she somehow was misled or tricked into originally filing in the wrong court. In the end, the circumstances in this case are not so "exceptional" that they warrant equitable tolling. Accordingly, plaintiff's first assignment of error is overruled.
II. Second Assignment of Error
 {¶ 13} In the second assignment of error, plaintiff maintains the trial court erred in granting summary judgment to RCI on her state law claim of age discrimination under R.C. 4112.02 and4112.99. The trial court found that plaintiff's state law claims failed because: (1) plaintiff elected to pursue an administrative remedy that precluded her from filing a civil action; and (2) plaintiff did not file her complaint within the 180-day statute of limitations set forth in R.C. 4112.02(N).
 {¶ 14} Under Ohio law, a plaintiff may file a civil action alleging age-based employment discrimination under one of three statutory provisions: R.C. 4112.02(N), 4112.14, and 4112.99. Alternatively, a plaintiff may file a charge administratively with the OCRC under R.C. 4112.05. R.C. 4112.08 provides that "any person filing a charge under division (B)(1) of section 4112.05
of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02
of the Revised Code."
 {¶ 15} Under Ohio law, one exception exists to the requirement that an employee elect her remedy for an age discrimination claim: an employee is not barred from bringing a civil lawsuit after filing a charge with the OCRC if the employee expressly indicates in the OCRC charge that the filing is made for purposes of perfecting an ADEA claim and the employee does not seek an OCRC investigation. Senter v. Hillside Acres NursingCtr. (N.D.Ohio 2004), 335 F.Supp.2d 836. Similarly, an employee who has previously filed a civil action under Ohio law is not barred from filing a subsequent charge with the OCRC in order to satisfy the mandatory requirements to an action under the ADEA, provided the ADEA claim is filed within 90 days from the notice of the right to sue. Morris v. Kaiser Engineers, Inc. (1984),14 Ohio St.3d 45 (noting that although a plaintiff's claim may fail under Ohio law due to procedural defaults, a plaintiff may still file a claim under the ADEA).
 {¶ 16} Here, according to plaintiff's complaint and her brief on appeal, plaintiff filed a charge with the OCRC and the EEOC prior to filing a civil action. Further, nothing in the record suggests the limited exception to election of remedies applies in this case. Because plaintiff chose to pursue a charge with the OCRC, she is barred from bringing a civil action under R.C.4112.02(N). Vinson v. Diamond Triumph Auto Glass (2002),149 Ohio App.3d 605; Balent v. Natl. Revenue Corp. (1994),93 Ohio App.3d 419; see, also, Smith v. Friendship Village of Dublin,Ohio (2001), 92 Ohio St.3d 503, 506 (stating that "[t]he General Assembly has specifically limited an individual's ability to bring both an administrative and civil proceeding in the context of age discrimination only[,]" but "[i]ts exclusion of other forms of discrimination from this limitation makes clear that it intended that both remedies be available for other forms of discrimination").
 {¶ 17} Plaintiff's alleging a violation of R.C. 4112.99 is equally unavailing. R.C. 4112.99 provides that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." In Balent,
supra, this court specifically held that the election of remedies applied to age discrimination claims brought under R.C. 4112.99. In so concluding, we noted the carefully constructed election requirements set forth in Chapter 4112 of the Revised Code.Balent, supra. "If R.C. 4112.99 fails to explicitly perpetuate the scheme set up by prior statutes addressing age discrimination, it is equally lacking in explicit intent to repeal the previously established statutory scheme." Id. Rather, the specific and detailed articulation of available remedies for age discrimination claims prevails over the broad terms of R.C.4112.99. Id.
 {¶ 18} Even if we assume plaintiff did not elect an administrative remedy under R.C. 4112.05, her state law claims fail because they were not filed within 180 days of the alleged discriminatory act. R.C. 4112.02(N) provides that "[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred[.]"
 {¶ 19} The Ohio Supreme Court has held that any age discrimination claim, "premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)."Bellian v. Bicron Corp. (1994), 69 Ohio St.3d 517, syllabus. Whether an age discrimination claim is premised on R.C. 4112.02
or 4112.99, a plaintiff must file the claim within 180 days of the alleged discriminatory act. Id. Here, plaintiff was denied the position on September 27, 2002. Plaintiff did not file her first complaint asserting state law claims until July 22, 2004, beyond the 180-day limitations period. Further, for the reasons stated above, plaintiff's state law claims cannot be saved under the doctrine of equitable tolling. Thus, plaintiff's claims under R.C. 4112.02 and 4112.99 fail.
 {¶ 20} We recognize the difficulty in attempting to comply with Ohio law and preserve a claim under the ADEA under Ohio's statutory scheme applicable to age discrimination claims. Essentially, in order to assert a state law claim and a federal ADEA claim, a plaintiff must file a civil action alleging the state law claim within 180 days of the alleged discriminatory act or practice. If a plaintiff wishes to additionally file an ADEA claim, she can amend the complaint to add the ADEA claim within 90 days after receiving the notice of the right to sue or simply file a separate action asserting the ADEA claim. In order to comply with the ADEA, a plaintiff first must file with the OCRC or EEOC. To avoid the election of remedies obstacle, a plaintiff must file the charge with OCRC after filing the civil action, pursuant to Morris, supra, or expressly state in the OCRC charge that the plaintiff is filing the charge for purposes of complying with the ADEA only and does not want an OCRC investigation. Because plaintiff did not comply with the statutory scheme, her complaint is barred. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 21} Having overruled plaintiff's first and second assignments of error, the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
Petree and Bowman, JJ., concur.
Bowman, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.