JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Willie Neal ("Neal"), appeals the trial court's granting of summary judgment in favor of defendants-appellees, Franklin Plaza Nursing Home ("Franklin Plaza") and Legacy Health Services ("Legacy"). Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2007, Neal filed a lawsuit against Franklin Plaza and Legacy (collectively referred to as "defendants") alleging wrongful termination of her employment pursuant to R.C. 4112.02 and 4112.99.[1]
She claimed that Franklin Plaza discriminated against her because of her age and replaced her with "an individual under 40 or substantially younger than her."[2]
 {¶ 3} Neal began working for Franklin Plaza as a nurse's assistant in 1989. Her duties included washing, cleaning, dressing, and feeding patients in the nursing home. In September 2006, Franklin Plaza fired Neal for sleeping on the job, refusing to take a patient to the bathroom, and failing to maintain acceptable standards of respect for the residents. *Page 4 
 {¶ 4} In October 2007, defendants moved for summary judgment, arguing that Neal's filing a charge with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") precluded her from pursuing the same claim in common pleas court.[3]
In December 2007, defendants supplemented their motion for summary judgment, asserting that Neal failed to establish a prima facie case of age discrimination. Neal opposed the motion, but the trial court granted defendants' motion, finding no genuine issues of material fact.
 {¶ 5} Neal now appeals, raising two assignments of error for our review. In the first assignment of error, she argues that the trial court erred in granting summary judgment because she did not file a discrimination charge with the OCRC. In the second assignment of error, she argues that the trial court erred in granting summary judgment because she established a prima facie case of age discrimination.
 Standard of Review {¶ 6} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v.LaPine Truck Sales Equip. Co. (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows: *Page 5 
 "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
 {¶ 8} Neal argues that she was not precluded from filing an age discrimination claim with the trial court "simply because she filed a discrimination charge with the EEOC." She claims that Ohio Adm. Code 112-3-(D)(3) requires that the OCRC receive at one of its offices a charge filed with the EEOC in order to preclude a plaintiff from subsequently pursuing a private cause of action under R.C. 4112.99.[4]
Because Neal maintains that her age discrimination claim filed with the EEOC was *Page 6 
not received by the OCRC, she argues that the charge was not deemed filed with the OCRC and the "election of remedies" provision in R.C. 4112.08 does not apply. We disagree.
 Ohio Age Discrimination Claims {¶ 9} R.C. 4112.02(A) prohibits employers from discriminating against employees on the basis of age. The Ohio Revised Code provides employees four means of seeking relief for an age discrimination claim. First, an employee may bring a civil lawsuit under R.C. 4112.02(N) for such a violation. Second, employees may pursue an administrative remedy under R.C. 4112.05(B)(1) by filing a charge with the OCRC alleging that another person has engaged or is engaging in an unlawful discriminatory practice. Third, victims of age discrimination may bring a civil lawsuit under R.C. 4112.99, which allows an action for damages, injunctive relief, or any other appropriate relief for an alleged violation of Ohio Revised Code Chapter 4112. The fourth possible avenue for victims of age discrimination is a civil lawsuit under R.C. 4112.14(B) for the "discharge without just cause [of] any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." See R.C. 4112.14(A).
 {¶ 10} Because Neal brought her age discrimination claim pursuant to R.C. 4112.02 and 4112.99 and filed a charge with the EEOC, we will limit our discussion *Page 7 
to the first three ways in which an employee may seek relief for alleged age discrimination.
 R.C. 4112.02 and 4112.05 {¶ 11} We note that the Ohio Revised Code explicitly makes the first two remedies set forth above mutually exclusive. Employees may enforce their rights by using either R.C. 4112.02 or 4112.05. More specifically, R.C. 4112.08 provides that an employee who files a charge with the OCRC under R.C. 4112.05(B)(1) "with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under *** [R.C. 4112.02(N)]."[5] *Page 8 
 R.C. 4112.99 {¶ 12} Neal relies on Sterry v. Safe Auto Ins. Co. (S.D. Ohio 2003), Case No. C2-02-127, 2003 U.S. Dist. LEXIS 17363, and argues that her claim under R.C. 4112.99 is exempt from the election of remedies provision in R.C. 4112.08 because R.C. 4112.08 does not explicitly include R.C. 4112.99 in the list of provisions under which employees may not bring civil lawsuits after filing a charge with the OCRC. InSterry, the United States District Court for the Southern District of Ohio found that, even after filing a charge with the OCRC under R.C 4112.05, an employee may still bring a civil lawsuit under R.C. 4112.99
based on a violation of R.C. 4112.02(A), but not based on a violation of R.C. 4112.14(A). We disagree.
 {¶ 13} Although the Ohio Supreme Court has not expressly ruled on this issue, it has addressed it in dicta in Smith v. Friendship Village ofDublin, Ohio, Inc., 92 Ohio St.3d 503, 506, 2001-Ohio-1272,751 N.E.2d 1010.
 {¶ 14} In Smith, the Court considered whether employees alleging handicap discrimination who had filed a charge with the OCRC were barred from instituting suit under R.C. 4112.99. The Court reasoned that no election of remedies applied to a handicap discrimination suit under R.C. 4112.99 because, in contrast to age discrimination, there was no election of remedies scheme for handicap discrimination. See, also,Senter v. Hillside Acres Nursing Ctr. of Williard, Inc. (N.D. Ohio 2004), 335 F.Supp.2d 836, 850.
 {¶ 15} The Ohio Supreme Court in Smith explained in relevant part: *Page 9 
 "In determining the General Assembly's intent, the starting point in the construction of a legislative enactment is the text of the statute itself. The plain language of neither R.C. 4112.05 nor R.C. 4112.99 requires a plaintiff alleging handicap discrimination to elect between remedies. Nor are there other statutory provisions requiring such an election. In contrast, there are statutory provisions requiring an election for age discrimination claims.
 "***[T]he General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action. R.C. 4112.08
states that `any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14
or division (N) of section 4112.02 of the Revised Code.'
 "These provisions relating to age discrimination demonstrate that the General Assembly was aware that individuals might attempt to commence both administrative and judicial proceedings pursuant to R.C. Chapter 4112. So, in clear language, the General Assembly expressed its intent that an election must be made. However, in regard to handicap discrimination claims, the General Assembly has not manifested a similar intent requiring a plaintiff to elect between an administrative or judicial remedy. *** The General Assembly has specifically limited an individual's ability to bring both an administrative and civil proceeding in the context of age discrimination only." Smith, at 506. (Emphasis added.)
 {¶ 16} After considering Ohio appellate decisions and the relevant dicta from the Ohio Supreme Court in Smith, the Senter court concluded that if this issue were before the Ohio Supreme Court, "the court would find [R.C] 4112.99 age discrimination claims subject to Chapter 4112's election of remedies scheme." Id. at 851. Thus, the Senter court held that: "[a] plaintiff who first files an age discrimination charge with the OCRC therefore may not bring a civil lawsuit under any provision of Ohio Revised Code Chapter 4112." Id.[6] *Page 10 
 {¶ 17} Moreover, this court has held that the filing of a claim with the EEOC constitutes a filing with the OCRC and precludes the plaintiff from pursuing a civil action in common pleas court under R.C. 4112.99. See Schwartz v. Comcorp, Inc. (1993), 91 Ohio App.3d 639, 647,633 N.E.2d 551. In Schwartz, the plaintiff filed a claim with the EEOC and sued his employer in common pleas court for age discrimination. In reviewing Ohio Adm. Code 4112-3-01(D)(3), we found that plaintiff's EEOC claim was likewise filed with the OCRC. Thus, we concluded that the plaintiff was precluded from pursuing a private right of action under R.C. 4112.99. Id. See, also, Pozzobon v. Parts for Plastics, Inc.
(N.D. Ohio 1991), 770 F.Supp. 376; Balent v. Natl. Revenue Corp. (1994),93 Ohio App.3d 419, 638 N.E.2d 1064; Senter; Giambrone v. Spalding Evenflo Co. (1992), 79 Ohio App.3d 308, 312, 607 N.E.2d 106, 109 (where the court held that "[t]he special provision of R.C. 4112.02(N) prevails over the general relief afforded by R.C. 4112.99, and Giambrone [plaintiff-employee] must elect between the two remedies").
 {¶ 18} In the instant case, Neal filed an age discrimination claim with the EEOC in October 2006. The EEOC charge form specifically states that: "I want this charge filed with both the EEOC and the State or Local Agency, if any." At her deposition, Neal testified that she expected the EEOC and OCRC to investigate her charge. She further testified that she did not indicate to the EEOC or the OCRC that she did not want an investigation, and she never informed the EEOC or OCRC that she was merely filing the charge as a technicality prior to commencing her lawsuit. *Page 11 
 {¶ 19} Because Neal filed a charge with the EEOC and never indicated that she would forego an investigation but was filing for technical purposes only, we find that her charge to the EEOC was likewise deemed filed with the OCRC, and thus Neal is barred from bringing a private age discrimination claim under R.C. 4112.02 and 4112.99.[7]
 {¶ 20} Accordingly, the trial court properly granted summary judgment in favor of defendants.
 {¶ 21} The first assignment of error is overruled.
 {¶ 22} In the second assignment of error, Neal argues that the trial court erred in granting summary judgment because she established a prima facie case of age discrimination. She claims that she provided adequate evidence showing that she was replaced by a younger person.
 {¶ 23} However, because of our disposition of the first assignment of error, we overrule the second assignment of error as moot. See App. R. 12(A)(1)(c).
Judgment is affirmed. *Page 12 
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] Legacy was named a party to the lawsuit as the management company of Franklin Plaza.
[2] Neal was 71 years old when her employment was terminated.
[3] Neal filed charges of age discrimination with the EEOC in October 2006. The EEOC dismissed her charge in April 2007.
[4] Ohio Adm. Code 4112-3-01(D)(3) provides in pertinent part: "A charge filed with [the EEOC] *** is deemed filed with the [OCRC] on the date the charge is received ***. A charge filed with the EEOC *** is deemed timely filed with the commission provided that the charge is filed with the EEOC within six months of the alleged discriminatory acts ***."
[5] An exception to the election of remedies requirement found in R.C. 4112.08 is that an employee will not be barred from bringing a civil lawsuit after filing with the OCRC if the employee expressly indicates in the OCRC charge that the filing is being made for the purpose of perfecting an Age Discrimination Employment Act claim and that the employee does not seek an investigation by the OCRC. See Borowski v.State Chem. Mfg. Co. (1994), 97 Ohio App.3d 635, 647 N.E.2d. 230.
[6] We acknowledge that there is a split of authority in the federal district courts regarding this issue, but we find Senter more persuasive.
[7] We note that the Ohio Supreme Court in Leininger v. Pioneer Natl.Latex, 115 Ohio St.3d. 311, 2007-Ohio-4921, 875 N.E.2d 35, recently addressed the election of remedies under R.C. Chapter 4112 while examining whether a common-law tort claim exists for wrongful discharge based on public policy. In arguing that a common-law tort for wrongful discharge exists, Leininger (plaintiff-employee) maintained that the court should only consider the remedies in R.C. 4112.14. The court rejected this argument, stating that: "R.C. 4112.08 requires a liberal construction of R.C. Chapter 4112. Although R.C. 4112.02(N), 4112.08, and 4112.14(B) all require a plaintiff to elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued, when an age discrimination claim accrues, a plaintiff may choose from the full spectrum of remedies available." Id. at ¶ 31. *Page 1