[Cite as *Moore v. Dept. of Rehab. & Corr.*, 2010-Ohio-3739.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LORIA MOORE

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-05218

Judge Alan C. Travis

DECISION


{¶ 1}  On May 3, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B).  On May 14, 2010, plaintiff filed a response.  On June 22, 2010, defendant filed a combined reply brief and motion to strike Exhibits 3, 4, 5, 7, 8, 9, 10, and 11 of plaintiff's response.  On June 30, 2010, the court conducted a non-oral hearing on defendant's motion for summary judgment pursuant to L.C.C.R. 4.

{¶ 2}  Civ.R. 56(C) states, in part, as follows:

{¶ 3}  "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} On October 26, 2006, defendant hired plaintiff to serve as a corrections officer at the Corrections Medical Center in Columbus. On December 20, 2006, plaintiff left a set of defendant's handcuffs in a public restroom while guarding inmates at The Ohio State University Medical Center. As a result of this incident, defendant terminated plaintiff's employment on January 9, 2007.

{¶ 5} According to plaintiff's complaint, "younger employees and non-minority employees" who committed similar infractions were disciplined less severely or not disciplined at all. Plaintiff relates that she was 51 years of age at the time her employment was terminated and, although the complaint does not identify her race, she states in her brief that she is an African American.

{¶ 6} Plaintiff asserts that the termination of her employment constituted discrimination on the basis of age and race in violation of R.C. 4112.02 and 4112.99, the Age Discrimination in Employment Act of 1967 (ADEA), and Title VII of the Civil Rights Act of 1964. Defendant argues that plaintiff's claims are barred by the applicable statutes of limitations and that plaintiff's claim of age discrimination under R.C. 4112.02 and 4112.99 is also barred by plaintiff's election to pursue an administrative remedy.

{¶ 7} With respect to plaintiff's claim under the ADEA, it is undisputed that after the termination of her employment, plaintiff filed a charge of age discrimination with both the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC). On November 12, 2008, the EEOC issued plaintiff a notice of the right to sue.

{¶ 8} "Section 626(e), Title 29, U.S. Code provides that once the EEOC dismisses a charge of discrimination, the EEOC is to notify the complainant and to issue a notice of the right to sue. If the complainant wishes to file a lawsuit, he or she must do so within 90 days of receipt of the notice." *McNeely v. Ross Correctional Inst.*, Franklin App. No. 06AP-280, 2006-Ohio-5414, ¶6.

{¶ 9} Indeed, in opposing defendant's motion for summary judgment, plaintiff submitted her notice of the right to sue, which provides, in part, that "[t]he EEOC is closing your case. Therefore, your lawsuit under the ADEA *must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.*" (Emphasis in original.)

{¶ 10} Plaintiff relates that she timely filed an ADEA claim against defendant in federal court on February 10, 2009, but voluntarily dismissed that claim on May 26, 2009. Plaintiff then filed her ADEA claim in this court on May 28, 2009; however, because such filing occurred more than 90 days after plaintiff received her right-to-sue notice, plaintiff's ADEA claim is time-barred. Furthermore, although plaintiff relates that her claim in federal court failed otherwise than upon the merits, the savings statute, R.C. 2305.19, is inapplicable in that it "cannot save a federal claim that contains a specific limitations period." Id. at ¶9.

{¶ 11} Regarding plaintiff's claim of age discrimination under R.C. 4112.02 and 4112.99, "[u]nder Ohio law, a plaintiff may file a civil action alleging age-based employment discrimination under one of three statutory provisions: R.C. 4112.02(N), 4112.14, and 4112.99. Alternatively, a plaintiff may file a charge administratively with the OCRC under R.C. 4112.05." Id. at ¶14.

{¶ 12} R.C. 4112.08 provides that the administrative and judicial remedies are mutually exclusive to the extent that an individual who elects to file an administrative charge of age discrimination with the OCRC is barred from filing a civil action for the same under R.C. 4112.02 or 4112.14. It has also been established that the election to pursue an administrative remedy precludes the filing of a civil action for age discrimination under R.C. 4112.99. Id. at ¶17; *Balent v. Natl. Revenue Corp.* (1994), 93 Ohio App.3d 419, 423-424.

{¶ 13} "Under Ohio law, one exception exists to the requirement that an employee elect her remedy for an age discrimination claim: an employee is not barred from bringing a civil lawsuit after filing a charge with the OCRC if the employee expressly indicates in the OCRC charge that the filing is made for purposes of perfecting an ADEA claim and the employee does not seek an OCRC investigation." *McNeely*, supra, at ¶15.

{¶ 14} There is no evidence to suggest that the limited exception to the election of remedies doctrine applies in this case. Accordingly, because plaintiff elected to pursue a charge of age discrimination with the OCRC, she is barred from bringing a civil action for age discrimination under R.C. 4112.02 and 4112.99.

{¶ 15} Furthermore, even if plaintiff had not elected to pursue a remedy through the OCRC, her claim of age discrimination under R.C. 4112.02 was not timely filed pursuant to R.C. 2743.16, which provides, in part:

{¶ 16} "(A)                    Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties*." (Emphasis added.)

{¶ 17} R.C. 4112.02(N) states, in part, that "[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, *within one hundred eighty days* after the alleged unlawful discriminatory practice occurred * * *." Inasmuch as plaintiff filed her complaint on May 28, 2009, more than 180 days after the termination of her employment on January 9, 2007, her claim for age discrimination under R.C. 4112.02 is time-barred.

{¶ 18} Lastly, plaintiff's claim for racial discrimination, which is subject to the two-year limitations period set forth in R.C. 2743.16, is also time-barred given that plaintiff filed her complaint more than two years after the termination of her employment.

{¶ 19} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law on all of plaintiff's claims. Accordingly, judgment shall be rendered in favor of defendant. All other pending motions are DENIED as moot.

Court of Claims of Ohio
The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

LORIA MOORE

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-05218

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

John J. Alastra
Kendall D. Isaac
341 South Third Street, Suite 10
Columbus, Ohio 43215

Susan M. Sullivan
Velda K. Hofacker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RCV/cmd
Filed July 20, 2010
To S.C. reporter August 11, 2010